(42 App. Div. 318.)

## PEOPLE v. FLANIGAN.

(Supreme Court, Appellate Division, Third Department. June 6, 1899.)

1. ASSAULT—EVIDENCE OF PREVIOUS ASSAULTS.

On the trial of a husband for assaulting his wife with a deadly weapon, evidence of previous assaults is not admissible for the purpose of showing motive and intent in committing the assault.

2. SAME—OTHER INDICTMENTS.

Evidence of other indictments against defendant on trial for assault is inadmissible.

3. SAME—HEARSAY EVIDENCE.

Hearsay evidence as to the existence of other indictments against defendant is inadmissible.

Appeal from Saratoga county court.

Bernard Flanigan was convicted of assault in the second degree, and appeals. Reversed.

The defendant was indicted for an assault in the first degree, alleged to have been committed by means of a hot iron, commonly called a "stove poker," which it is alleged the defendant intentionally and designedly heated until it was red hot, for the purpose of making an assault upon his wife, Catherine Flanigan; that he kicked her with heavy boots that he wore, and burned her with said red-hot poker, both of which are alleged to have been deadly and dangerous weapons, and likely to produce death, and were used by the defendant upon the person of Catherine Flanigan, with the intent to kill her. The appeal brings up for review alleged errors by the trial court in the admission of testimony and in its charge to the jury.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Horton D. Wright, for appellant.

George R. Salisbury, for the People.

HERRICK, J. Upon the trial of the action, the defendant's wife, who was the person assaulted, testified that, at the time of the commission of the assault alleged in the indictment, the defendant accused her of doing wrongfully with other men; that she denied this charge; that then he took her by the hair of the head, threw her down on the floor, and took an iron, and burned her; that the iron was the stove lifter, which he heated in the front of the stove by sticking it into the coals, and when he took it out it was red hot; that he burned her across the abdomen and upper part of the legs. That a few minutes afterwards he put the stove lifter into the fire a second time, threw her down again, and again burned her. Upon the examination of the defendant's wife, the people were permitted to prove that the defendant had been abusing and misusing her for about eight years, accusing her, upon different occasions, with improper conduct with other men, and committing assaults upon her. This evidence was objected to by the defendant, but admitted by the court "for the purpose of showing willful intent on the part of the defendant to injure the complainant," and also "for the purpose of showing the willful intent to do grievous bodily harm, as bearing upon the assault charged against the defendant in the indictment." "It is an elementary principle of law that the commission of one crime is not

admissible in evidence upon the trial for another, where its sole
purpose is to show that the defendant has been guilty of other crimes,
and would, consequently, be more liable to commit the offense char-
ged." People v. Place, 157 N. Y. 584–589, 52 N. E. 576; People v.
McLaughlin, 150 N. Y. 365, 44 N. E. 1017. "An accused person is re-
quired to meet the specific charge made against him, and is not called
upon to defend himself against every act of his life." People v.
Crapo, 76 N. Y. 288–291. There is, however, a class of cases where
guilty knowledge or fraudulent intent is an important element in the
crime charged, and evidence that the accused has perpetrated or been
concerned in other transactions of a like character to that for which
he stands accused are admissible in evidence against him, as illus-
trated in the opinion of Judge Earl in the case of People v. Shulman,
80 N. Y. 373, note. As stated in the case of People v. McLaughlin,
150 N. Y. 386, 44 N. E. 1023:

"There is, we think, a clear and important distinction between allowing evi-
dence of the commission of another crime to show motive, intent, or guilty
knowledge, or where the crime proved is not incident to, a part of, or leads up
to, the crime with which a defendant is charged, and a case where the crime
proved is entirely independent of, and disconnected with, the crime alleged
in the indictment."

The additional offenses proved in this case were entirely inde-
pendent of, and disconnected with, the one charged in the indictment.
It is true that there were repeated charges of infidelity and accom-
panying assaults; but I fail to see how the fact that the defendant had
theretofore accused his wife of infidelity, and assaulted her for it, is
evidence of his motive or intent upon this occasion. There are cases
where the mere narration of the transaction itself perhaps leaves it
doubtful as to the defendant's motive or intent in committing the act
charged, and where evidence of other similar transactions upon the
part of the defendant would be admissible as characterizing the motive
or intent in committing such act. Here, the act testified to as consti-
tuting the crime charged in the indictment is unequivocal in its nature;
it speaks for itself. When a woman is taken by the hair of the head,
thrown to the floor, a poker thrust into the fire, and kept there until
red hot, the woman's clothes thrown up, and the red hot poker placed
upon her naked person, it seems to me frivolous to say that proof of
other assaults, and other misusage, at former times, is admissible
to explain the motive or intent with which the red hot poker was ap-
plied.

The daughter of the defendant was permitted, upon cross-exami-
nation, to testify that she had heard her father was indicted upon
other crimes than that for which he was then on trial; that there were
four indictments against him. Evidence of another indictment
against a defendant is not only inadmissible for the same reason that
evidence of another crime is inadmissible, but also because, without
its being proof of guilt, it is calculated to prejudice him before the
jury. And in this case it will be observed that the witness was al-
lowed to give hearsay evidence of what, if they existed, were records
of the court. Neither citation of authority nor argument is needed to
show that such evidence is inadmissible. The brutality and atrocity

of the crime charged should not lead us to overlook the plain violation of the rules of evidence in this case.

For the errors in the reception of evidence that I have referred to the judgment should be reversed, and a new trial granted.    All concur.