### PEOPLE v. ROMANO.

(Supreme Court, Appellate Division, First Department.    June 5, 1903.)

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

Where, in a prosecution for robbery, there was evidence that defendant committed the crime by throwing snuff in the eyes of the prosecutor, and his defense was alibi, evidence that about three weeks prior to the commission of the offense he committed another robbery at the same place, on another person, by the use of the same means, was incompetent to show identity, and its admission was prejudicial error.

Appeal from Trial Term, New York County.

Joseph Romano was convicted of robbery, and he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Amos H. Evans, for appellant.

Robert C. Taylor, for respondent.

HATCH, J.    The indictment under which the defendant has been convicted contained three counts—robbery in the second degree, grand larceny in the first degree, and assault in the third degree. We should not disturb the conviction were it not for the fact that a fatal error was committed in the admission of testimony of such a character as to be distinctly prejudicial to the defendant.

It appeared that the crime of which the defendant was convicted was committed by throwing snuff in the eyes of the complainant at the time of the robbery.    The prosecution, for the purpose, as it now claims, of establishing the identity of the defendant, offered proof to show that about three weeks prior to the commission of the offense for which the defendant was on trial he committed another robbery at the same place, upon another person, by the use of the same means. This testimony was objected to, the court overruled the objection, and admitted the evidence upon the ground, as stated by the court, "as showing a similar offense, done in a similar manner, within a reasonable time."    It is clear that the testimony which was given under this ruling showed a distinct, independent crime, committed upon another individual at another time.    It is an elementary principle of law that the commission of a distinct and independent crime cannot be used as evidence for the purpose of convicting the defendant of another crime, unless such proof tends to establish certain facts essential to a conviction which are recognized as furnishing exceptions to the general rule.    Cases in which such proof is admissible are specified in People v. Molineux, 168 N. Y. 293 et seq., 61 N. E. 286. It is not essential that we now restate them.    The prosecution does not claim that it can support the ruling in the present case, unless it be upon the ground that the prior crime tended to establish the identity of the defendant.    Two facts are advanced in this regard in support of the theory that the testimony was admissible upon such question, i. e., that the prior crime was committed at the same place and in a similar manner.    The defense was an alibi, consequently evidence tending to identify the defendant was vital to the case, as that was the

issue litigated. It is persuasive to say that a robbery committed a short time before, at the same place, by similar means, and by the same person, tends to identify the defendant as the person who committed the crime at the same place, and by the same means, for which he is being tried. If the first crime be satisfactorily established, the mind is easily convinced of the guilt of the defendant as to the second, and yet it is common knowledge that numerous crimes of the same character have been committed by other individuals and by the use of the same means. There is always more or less of similarity between the commission of independent crimes of this class, and in many instances features that are common to one are found in the other; and yet it has never been supposed that, where there was separation as to time and no connection established beyond that of place and similarity, the first crime was admissible to establish any of the elements which constituted the other. Such facts seem to fall into the category considered in People v. Flanigan, 42 App. Div. 318, 59 N. Y. Supp. 101, where prior assaults were shown as bearing upon motive and intent of the defendant in making the assault for which he was being tried, and it was held to be error, based upon the ground that the crime charged in the indictment was unequivocal in its nature, and the acts proven spoke for themselves, and that evidence of motive and intent to be derived from other acts in many respects similar, although between the same persons, was inadmissible. In Shaffner v. Commonwealth, 72 Pa. 60, 13 Am. Rep. 649, it was said:

"To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish; or it must be necessary to identify the person of the actor by a connection which shows that he who committed the one must have done the other. * * * If the evidence be so dubious that the judge does not clearly perceive the connection, the benefit of the doubt should be given to the prisoner, instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of the particular guilt."

The discussion which was had of this subject in People v. Molineux, supra, was exhaustive. The views of a majority of the court in that case, as found expressed in the opinions which were delivered, lead us to the conclusion that the evidence in this case was not admissible for the purpose for which it was offered, or for any other, as applied to this case.

The judgment of conviction should therefore be reversed, and a new trial granted. All concur.