PEOPLE v. THAU.

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. CRIMINAL LAW ⬤⟾1159—APPEAL—REVIEW—VERDICT—CONFLICTING EVIDENCE.

Where the complaining witness and several members of his family testified to an assault by defendant, while defendant, his employer, and several coemployés testified to an alibi, the conviction cannot be reversed as unsupported by the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. ⬤⟾1159.]

2. ASSAULT AND BATTERY ☞83—EVIDENCE—ADMISSIBILITY.

In a prosecution for assault, it was error to admit evidence by the people that, two weeks before the alleged assault, defendant, with several others, including a walking delegate, visited complainant's place of business, and that the delegate warned complainant not to work for a nonunion shop, where there was no showing that defendant heard that warning, or that complainant had ever had any trouble with the union, or that the previous visit was in any way connected with the assault.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 128, 134; Dec. Dig. ☞83.]

Appeal from Bronx County Court.

Louis Thau was convicted of assault in the second degree, and he appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Abraham Levy, of New York City, for appellant.

Edward J. Glennon, of New York City, for respondent.

SCOTT, J. [1] The defendant was tried and convicted in the County Court of Bronx County of the crime of assault in the second degree. According to the testimony of the complaining witness and several members of his family, the defendant was guilty of a brutal and unprovoked assault. His defense was an alibi, which was supported by the testimony of his employer and several of his fellow employés. If this had been the whole case, we could not have said that the verdict of guilty was unsupported by the evidence.

[2] Over the objection and exception of the defendant, however, the court allowed the people to prove that about two weeks before the commission of the alleged assault the defendant, with a large number of other persons, accompanied a "walking delegate" to the place of business of the complaining witness, and said delegate uttered a warning to complainant in case he should work for a nonunion shop. It does not appear that defendant heard the conversation between the delegate and the complainant, or that the complainant then did or ever had worked for a nonunion shop. We are unable to see the competency of this evidence. There was no question of intent in the case, nor of identity. The intent was sufficiently shown by the fact of the assault. As to the identity, it was made quite clear that the witnesses for the people knew defendant well, at least by sight. Furthermore, on the occasion of the visit in the company of the walking delegate, the defendant was only one of 15 or 20 young men who were present.

The admission of the evidence is sought to be justified on the ground that it served to prove a motive for the assault, and its tendency certainly was to impress the jury with the idea that the assault grew out of labor troubles. But there is no evidence that the complaining witness had had any trouble with any labor organization, or had done anything to incite the enmity of defendant or any member of such an organization. On the contrary, he vigorously denied that he had had any such quarrel. Of course, the two occurrences were so dis-

similar that the proof had no tendency to establish a common intent. In short, the occurrence two weeks before the commission of the alleged assault was entirely independent of and disconnected with the crime alleged in the indictment, and was not admissible to explain the motive or intent with which the assault was committed. People v. Flanigan, 42 App. Div. 318, 59 N. Y. Supp. 101; People v. Romano, 84 App. Div. 318–320, 82 N. Y. Supp. 749.

There are undoubtedly cases in which evidence of independent happenings is competent to support an indictment for a particular offense (People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193); but they are exceptions to the general rule, which is that it is error to receive in evidence, as proof of the offense charged, a happening or offense other than that charged in the indictment and unrelated thereto. "Evidence which tends only to prove collateral facts, and has not a natural tendency to establish the fact in controversy, should be excluded because (a) it would have a tendency to withdraw and mislead the attention and deliberation of the jury from the real issue under inquiry, and (b) would subject the accused to charges unconnected with that issue and against which he had no reason to prepare a defense." People v. Thompson, 212 N. Y. 249–251, 106 N. E. 78. In our opinion, the evidence to which we have referred falls directly within the condemnation of the case from which we have quoted, and its admission constituted reversible error.

The judgment appealed from must be reversed, and a new trial granted.

INGRAHAM, P. J., and DOWLING and HOTCHKISS, JJ., concur.

CLARKE, J. The vice of the evidence of the previous visit of the defendant to the complainant's shop, as it strikes me, is that it was testified to that he had injured a quantity of material in the shop by pouring ink over it. This act of vandalism was likely to prejudicially affect the jury. For this reason I concur in the reversal.