321 So.2d 724

**William Jimmy SMITH**

v.

**STATE.**

**8 Div. 641.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Rehearing Denied Oct. 1, 1975.

William Lowe Chenault III and Wesley M. Lavender, Decatur, for appellant.

William J. Baxley, Atty. Gen. and Randolph P. Reaves, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

The jury convicted defendant-appellant, an indigent, of robbery as charged in an indictment. The jury also fixed punishment at thirty years imprisonment. Judgment pursuant to the verdict was entered and this appeal follows.

The victim of the robbery was Bobby Jean McNutt, who, at the time, was employed by Billy's Mini Market where the alleged robbery occurred at about 11 p.m., on November 6, 1974, in Morgan County, Alabama.

Mrs. McNutt testified that the robber came into the store wearing a blond "afro" wig and his face was blackened and he had a brown paper sack in his right hand with a gun in his left. Pursuant to the robber's order, she opened the cash register and put the money in the sack which defendant was holding. The robber left after he ordered Mrs. McNutt to the back of the store and she obeyed. Mrs. McNutt did not give any evidence that identified the defendant as the robber; she was not asked.

Defendant was later arrested and signed a confession, after "Miranda" warnings, that embraced the robbery of Billy's Mini Market on November 7, 1974, plus four other robberies in the vicinity. We will later advert to these robberies.

The trial judge heard evidence, voir dire outside the presence of the jury, and determined therefrom that the confessions (Exhibit 1 in the record) were voluntary and admitted them in evidence over defendant's objection to which we will later refer.

Exhibit 1, offered and admitted in evidence, embraced the following confession of different robberies:

November 7, 1974. This was the robbery on trial. He admitted the offense and that he had his face covered with a bronze make-up and wore an "afro" wig.

October 24, 1974. He admitted robbing Pizza Hut, at which time he had a gun and his face masked with a white pillow-case with holes cut in it.

October 30, 1974. He robbed U-Totem Store using a gun and a pillow-case over his head.

November 1, 1974. The victim of this robbery which he committed was the Quick Shop. He covered his fact with another pillow-case and carried a gun.

November 8, 1974. He robbed Warehouse Groceries. He wore a brown wig and a pair of sun glasses.

Defendant objected to the admission in evidence of Exhibit 1, with the several confessions, supra, also defendant moved to exclude the confessions for which he was not on trial.

The court overruled the objection and the motion to exclude. It thereupon instructed the jury that the defendant was on trial "at this time for only one offense and that's the offense that has been made known to you at the beginning of this trial," and the other offenses "goes (sic) to you as it may reflect upon guilt with reference to this alleged robbery and you would not use it for any other purpose."

Defendant thereupon reserved an exception and moved for a mistrial which the court overruled.

The case of *Mason v. State*, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847, is a bedrock decision which set forth conditions under which evidence of other crimes is admissible in the trial of an offense charged in an indictment. The exceptions were summarized as knowledge, intent, plan or design, motive, identity and inseparable crimes.

The only exception here involved is identity. On that issue, Justice Stakely, writing for the court, quoted with approval from Judge McElroy's "The Law of Evidence in Alabama" as follows:

"'All evidence tending to prove a person's guilt of the offense charged may loosely be said to identify him as the guilty person. But identity, as here considered, assumes what may be called a "mark" upon the guilty person; and proposes to show that defendant is the person having that mark, as evidenced by its being there in his commission of another similar offense. Wigmore, Sec. 410–412. Thus, when it is shown that the person who committed the offense committed it in a novel and peculiar manner, it may be shown that the defendant committed other offenses in the same novel and peculiar manner. * * * But evidence of accused's commission of other offenses which does nothing more than indicate the accused's inclination or propensity to commit the type of crime charged is not admissible as tending to show identity. *Brasher v. State*, 249 Ala. 96, 30 So.2d 31.'"

We observe, as the principle was stated in *People v. Romano*, (1903) 84 App.Div. 318, 82 N.Y.S. 749, that there is always more or less similarity between the commission of independent crimes of this class, robbery, for which defendant was tried, and in many instances features that are common to one are found in the other; in other words, pistols or guns are usually employed and faces are disguised so as to hide identity.

In the cases to which defendant confessed in Exhibit No. 1, supra, the instant disguise was a bronze make-up and an "afro" wig (a very common hair adornment), while in three of the robberies, pillow-cases were used, and in the other, sun glasses and an "afro" wig. They were all disguises but lacking in similarity with the bronze make-up. We do not think the other offenses to which defendant confessed bore the identifying 'mark' mandated in *Mason*, supra. The trial court committed prejudicial error in overruling defendant's objection to the admission in evidence of the other offenses set forth in Exhibit No. 1, and in overruling his motion to exclude.

We note parenthetically that the credibility of the confession relative to the offense on trial was acceptable to the jury. It must have been, or the jury would have acquitted, there being no witnesses as to identify. The evidence of the other crimes was unnecessary. The confessions, all five, came from the same person and the same lips and the credibility as to the confession of the other four offenses added nothing to the credibility of the confession as to the offense on trial. The confession of the commissions of the four offenses was calculated to influence the minds of the jury as to guilt and fixation of punishment.

We pretermit consideration of other contentions of error. These contentions may not arise at the next trial, but if so, the trial court will properly consider them.

The judgment below is hereby reversed and the cause is remanded for new trial.

Reversed and remanded.

TYSON and BOOKOUT, JJ., concur.

HARRIS and DeCARLO, JJ., dissent.

CATES, P. J., not sitting.

ON REHEARING

PER CURIAM.

The confession of the robbery charged in the indictment admitted identity and the

commission of the robbery so charged. Collateral confessions of other robberies were unnecessary to establish the robbery which defendant had already admitted. Such collateral evidence invited the jury to fix harsher punishment for the offense on trial by reason of the multiple crimes in evidence. Defendant did not take the stand.

Opinion extended; application overruled.

CATES, P. J., and TYSON and BOOK-OUT, JJ., concur.

HARRIS and DeCARLO, JJ., dissent.