[Crim. No. 550.  In Bank.—December 26, 1899.]

THE PEOPLE, Respondent, v. T. M. GLEASON, Appellant.

CRIMINAL LAW — HOMICIDE — EVIDENCE — CONDITION OF POCKET OF DE-
CEASED—MOTIVE.—Upon the trial of a person accused of murder, evi-
dence is admissible to show the condition of the body of the
deceased immediately after the homicide, and that the pocket
of the deceased, containing a purse with change in it, was
partly turned inside out. The fact that the evidence might
tend to show that the motive of the homicide was robbery
does not render it inadmissible as tending to show a distinct
crime.

ID.—ATTACK OF DECEASED—CROSS-EXAMINATION OF DEFENDANT—FACT
OF DISTANCE—OPINION.—Where the defendant had testified that he
feared an attack from the deceased with a knife, a question
upon cross-examination, based upon the fact of distance testi-
fied to by him, as to how the deceased could reach him with
the lunge of a knife after stepping up two or three feet from
a distance of ten or twelve feet, is not objectionable as improp-
erly asking for the opinion of the witness.

ID.—MISCONDUCT OF DISTRICT ATTORNEY — OPENING STATEMENT — UN-
PROVED FACTS.—The district attorney is not guilty of misconduct for
merely including in his opening statement facts expected to be
proved, some of which remained unproved, where there is noth-
ing to indicate an intentional disregard of truth, or clear intent
to influence the jury by false statements.  .

ID.—INSTRUCTION—INCOMPLETE STATEMENT AS TO IMPEACHMENT—INCOR-
RECT PRESUMPTION.—An instruction requested for the defendant,
which, so far as correct, consists of commonplace matters well
known to the jury, and which contains an incomplete state-
ment of the manner by which the defendant may be impeached,
and an incorrect presumption of law as to the good character
of the defendant as a witness, in the absence of one kind of
impeaching testimony, is properly refused.

APPEAL from a judgment of the Superior Court of Kern
County and from an order denying a new trial.  J. W. Mahon,
Judge.

The facts are stated in the opinion of the court.

A. J. Bledsoe, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Dep-
uty Attorney General, for Respondent.

McFARLAND, J.—The defendant was convicted of the crime of murder in the first degree, and the jury fixed the punishment at imprisonment for life. He appeals from the judgment and from an order denying his motion for a new trial.

The appellant contends that the evidence was not sufficient to justify the jury in finding that the homicide was committed with that degree of premeditation and deliberation which is necessary to constitute murder in the first degree. Upon this point it is sufficient to say that this contention cannot be maintained, and that the evidence was amply sufficient to warrant the verdict.

Dr. Cook, a witness for the prosecution, testified that immediately after the shooting he made an examination of the body of the deceased, and was allowed to testify over the objection of the appellant that he found in a pocket of the clothing of the deceased a purse with some change in it, and that the pocket was partly turned inside out. Appellant contends that this ruling was an error for which the judgment should be reversed, but we do not think so. It is usual and not improper to show the condition of the body of a deceased party immediately after the commission of the homicide, and, even if it cannot be considered strictly a part of the *res gestae*, still we do not see how it could have been prejudicial to appellant. Even if it tended in some degree to show that robbery was the motive of the assault—and that seems to be the particular objection which appellant makes to it—that consideration would not make the evidence inadmissible. We see no ground for the contention by appellant that the evidence was inadmissible because it tended to prove another and distinct crime.

Appellant having testified on the witness stand that he feared that deceased was about to attack him with a knife, was asked this question: "Now, I ask you how he could reach you after he stepped two or three feet up, from the distance that you first saw him? Ten or twelve feet, how he could reach you with a lunge?" Appellant objected to this question, and contends that it was improperly asking for the opinion of the witness. We do not think that this contention can be maintained; considering the testimony of the appellant in chief, the question was entirely proper; it was not asking for an opinion, but really as to

the fact of distance between the two parties at the time the fatal shot was fired. The prosecuting attorney in his opening statement to the jury mentioned one or two facts which he said he expected to prove, but which he did not prove; and appellant contends that this was such misconduct as calls for a reversal. No objection was made to this during the trial; but, waiving the question whether the point is properly presented here, the contention cannot be maintained. It would be going a great distance to hold that every time a district attorney happens to state in his opening more than he is able to prove the judgment should be reversed for misconduct; and there is nothing in the present case to show such an extreme disregard for the truth and such a clear intent to influence the jury by false statements as would warrant a reversal of the case upon that ground. Usually, such an overstatement is prejudicial to the party making it.

The general charge of the court to the jury is not objected to, and it was certainly as favorable to the appellant as he could have reasonably desired; but he claims a reversal upon the ground that the court refused an instruction asked by appellant, which is as follows: "You are instructed, gentlemen, that where a defendant presents himself as a witness in his own behalf he subjects himself to the same rules of testing or impeaching his credibility before the jury as any other witness; and he may be impeached by the testimony of other witnesses that his general reputation in the community for truth, honor, and integrity is bad. And in the absence of such impeaching testimony the law presumes that the reputation of a witness for truth, honor, and integrity is good." If this instruction had been in all respects a complete statement of the law on the subject to which it refers, still it is doubtful whether the judgment should be reversed on account of the mere failure of the court to give it, for it might, perhaps, be truly said that it contains nothing but mere commonplaces within the general knowledge of jurors. However, when it is sought to reverse a judgment for a refusal to give an instruction asked, the instruction itself must contain a full and correct statement of the law on the subject; and the instruction here in question was not of that character. It is said in the instruction that the appellant might be impeached "by the testimony of other witnesses" that his general reputa-

tion is bad; and it is further said that "in the absence of such impeaching testimony the law presumes," etc.   But "such impeaching testimony," that is, the testimony of other witnesses as to a man's general reputation, is not the only means by which a witness may be impeached.

The foregoing are the only reasons urged for a reversal, and they are not sufficient to warrant that result.

The judgment and order appealed from are affirmed.

Temple, J., Garoutte, J., Van Dyke, J., Harrison, J., and Henshaw, J., concurred.