State v. McDonald, 21 N. M. 110.

---

[No. 1817, October 30, 1915.]
STATE v. McDONALD.

SYLLABUS BY THE COURT.

1. That the special prosecutor, in his opening statement, mentioned facts which he intended to prove, but did not prove, is not misconduct justifying reversal, where the circumstances are not such as to show that the prosecutor intended to influence the jury by false statements or had extreme disregard for the truth.

P. 113

State v. McDonald, 21 N. M. 110.

2. The verdict of a jury will not be disturbed where there is any substantial evidence to support it.    P. 114

3. A question not jurisdictional cannot be raised the first time on appeal.    P. 114

Appeal from District Court, Guadalupe County; E. L. Medler, Judge.

Martin McDonald was convicted of assault with a deadly weapon, and appeals. Affirmed.

F. FAIRCLOTH of Santa Rosa, for appellant.

The cause should be reversed because of statements made by the special prosecutor of things he intended to prove but did not prove. He should have acted in good faith and with reasonable grounds to suppose he could prove the facts as stated.

12 Cyc. 570, "note"; 53 Pac. 359, 41 L. R. A. 157.

It is error for prosecuting attorney to state that accused has committed other crimes similar to one for which he is being tried.

State v. Clark, 140 N. W. 821; Paulson v. State, 94 N. W. 771; Gaston v. State, 128 S. W. 1033; State v. Petty, 108 Pac. 934; State v. Nyhus, 124 N. W. 71; State v. Levy, 170 S. W. 1114; Commonwealth v. Howard, 91 N. E. 397; State v. Moore, 48 Pac. 469; State v. Irwin, 71 Pac. 608; People v. Davenport, 110 Pac. 318; People v. Lee Chuck, 78 Cal. 329; People v. Pang Sue Lin, 114 Pac. 582; State v. Rodriguez, 102 Pac. 863; Johnson v. United States, 215 F. 679; State v. Cooley (N. M.), 140 Pac. 1111; Barden v. Briscoe, 36 Mich. 254; Porter v. Throop, 47 Mich. 313; Anderson v. State, 104 Ind. 467; Scripps v. Reilly, 35 Mich. 371; Oscanyan v. Arms Co., 103 U. S. 261; Carrol v. United States, 154 F. 425; 83 C. C. A. 245; People v. Wong Loung, 114 Pac. 829; State v. Pepoon, 114 Pac. 449; Brock v. State, 141 S. W. 756; State v. Helton, 164 S. W. 457 (Mo.)

Instruction 6 was comment on weight of evidence.

Sec. 2994, C. L. 1897; Territory v. West; Douglass v. Territory, 17 N. M. 108; C. W. Kettering Merc. Co. v. Sheppard, 142 Pac. 1128.

H. S. BOWMAN, Assistant Attorney General, for the State.

Remarks of prosecuting attorney were not objectionable, but record does not show objections were made thereto.

Sec. 4506, Code 1915; Crawford v. Western Clay, etc., Co., 20 N. M. 555.

Overruling of demurrer to evidence not contained in record, and question therefore cannot be considered on appeal.

Western College v. Turknett, 17 N. M. 275; Territory v. Anderson, 4 N. M. 213.

No exception saved to giving of instruction 6.

### OPINION OF THE COURT:

HANNA, J.—The appellant was convicted in the district court of Guadalupe county of assault with a deadly weapon. On December 10, 1914, J. W. Mayes was engaged in erecting a wire fence on land south of the residence of appellant and Smith McDonald, his father, near Alamo, Guadalupe county, N. M. Mayes had stretched wires along the line of the proposed fence, preparatory to fastening them to the fence posts. In returning to his home with a load of brush, Smith McDonald removed some of the wires on the ground so that his team and wagon could reach the east and west road. He then drove along this road until he reached a point opposite Mayes, when he (Smith McDonald) threw a part of the wires with which Mayes was working to one side. Mayes informed him that he should not disturb the wires, which led to a heated conversation between the two, which finally resulted in Smith McDonald beginning an assault

State v. McDonald, 21 N. M. 110.

upon Mayes. During this assault Martin McDonald came to the assistance of his father and engaged in the assault jointly with his father. After the father and Martin McDonald had succeeded in successfully assaulting Mayes with their fists, the father demanded that his son get a small target rifle which the son had left on the ground a short distance from where the parties were fighting. All three of them started for the gun; Martin McDonald first reaching it. He raised it as if to strike Mayes, and the parties again engaged in assaulting each other; Mayes being on the defensive. This assault resulted in Mayes receiving at the hands of the appellant serious head wounds, inflicted with the target rifle, which rendered Mayes unconscious.

[1] Three assignments of error are made by appellant. The first is that appellant did not receive a fair and impartial trial on account of alleged misconduct of the special prosecutor. In his opening statement to the jury the special prosecutor advised them that the state would prove that previous to the assault for which appellant was being tried the prosecuting witness, Mayes, and Smith McDonald, the father of the appellant, had trouble about "chousing" each other's cattle, and about obtaining water at a certain well. He also outlined generally what the state expected to prove. The appellant asserts that it was error for the special prosecutor to charge the appellant with the commission of a crime other than that stated in the indictment, and cites authority to uphold that contention. But the record does not show that the appellant was charged with the commission of a crime, other than that charged in the indictment for which he was then on trial. Nor does it appear that the special prosecutor, in stating the case of the state to the jury, acted in bad faith or stated facts which he had reason to believe the state would not prove at the trial of the case. It is true that he stated facts which the state did not prove, but they were incidental and immaterial.

"And it is not error for the prosecuting attorney in his. opening address to state facts as he expects to prove them, although not followed by proof because the facts themselves are irrelevant, or because he fails to introduce any evidence. * * * to support them." 12 Cyc. 570.

In People v. Gleason, 127 Cal. 323, 59 Pac. 592, one of the cases illustrating the point, the court said:

"It would be going a great distance to hold that every time a district attorney happens to state in his opening more than he is able to prove the judgment should be reversed for misconduct; and there is nothing in the present case to show such an extreme disregard for the truth, and such a clear intent to influence the jury by false statements, as would warrant a reversal of the case upon that ground. Usually such an overstatement is prejudicial to the party making it."

[2] The second proposition made by appellant is that the evidence is insufficient to sustain the verdict of the jury. There is substantial evidence to support the verdict, and therefore the verdict of the jury will not be disturbed. State v. Padilla, 18 N. M. 573, 139 Pac. 143.

[3] Appellant contends that instruction 6, given by the court of its own motion, violates section 2796, Code 1915, in that the instruction comments on the weight of the evidence. The Attorney General contends that the question is raised here for the first time, which appellant admits. The question not being jurisdictional, and raised here for the first time, it cannot be considered by us. State v. Cabodi, 18 N. M. 513, 139 Pac. 262.

The judgment of the trail court is therefore affirmed; and it is so ordered.

Roberts, C. J., and Parker, J., concur.