[Crim. No. 1404. First Appellate District, Division Two.—November 17, 1927.)

THE PEOPLE, Respondent, v. MATT REITZ, Appellant.

Walter McGovern for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried upon an information charging perjury. The appeal is taken from the judgment following the verdict of conviction and from the order denying defendant's motion for a new trial.

The information charged that, in an action instituted by this defendant for the annulment of his marriage to Maybelle Nelson Reitz and pending in the superior court in the city and county of San Francisco, this defendant falsely testified under oath that he had never lived with his wife; that she misrepresented facts to him of which he had no knowledge at the time the marriage was contracted; that,

on the night of the marriage, she informed him that "she had an operation performed on her about two years before I married her—a female operation"; that "she could not bear children"; and that he knew nothing of the condition of her organs as he had no way of finding out and had no relations with her after their marriage.

On this trial it was shown by unimpeached evidence that the annulment proceeding was from its inception a fraud upon the wife and a fraud upon the court. The parties had lived together as husband and wife for several months following the marriage ceremony and were both residents of Los Angeles County at the time the annulment proceeding was begun. The defendant brought that action in the city and county of San Francisco, where he filed an answer and waiver of notice of trial purporting to have been signed by his wife but which were shown to have been forgeries. The testimony given by the defendant in that action was brought out by inquiries directed by the trial judge, and it was without doubt the basis of the judgment of annulment which the court entered. That such testimony was false cannot be open to question at this time. The jury believed it to be false and its finding is supported by convincing proof offered by the state, as well as by the damaging admissions and contradictions made by the defendant while on the stand as a witness in his own behalf. The only element of proof lacking is the direct denial by the wife, and this, of course, was not available to the state because of defendant's objection that she was disqualified from appearing as a witness against him.

■ On this appeal it is urged that the evidence fails to support the verdict because the testimony charged to have been false was immaterial to the issues of the proceeding in which it was given. The argument is that the annulment proceeding was based upon section 82, subdivision 6, of the Civil Code, which specifies as one of the grounds for annulment: "That either party was, at the time of marriage, physically incapable of entering into the marriage state, and such incapacity continues, and appears to be incurable"; that the testimony only went to show that the wife was sterile, or incapable of bearing children, and did not tend to show that she was impotent or physically incapable of coition—the ground specified in the subdivision

quoted. The point is argued by appellant at great length and, though the argument is interesting, it is unavailing for the following reasons: The complaint in annulment, in addition to the charge of impotency, also charged fraud (a ground specified in subdivision 4 of section 82 of the Civil Code); no findings of fact were made, and the judgment does not disclose the grounds upon which it was granted. This being so we must presume in support of the integrity of the judgment of that court that it was based upon the one legal ground put in issue by the complaint—fraud. The circumstances constituting the alleged fraud, as pleaded in the annulment complaint, were "that prior to and at the time of said marriage defendant represented as a fact that she was entering into the marriage relations with plaintiff in good faith and that she would treat plaintiff with consideration and live with him as husband and wife and demean herself accordingly and that she was physically capable of entering into the state of marriage." It was then alleged that these representations were untrue, that the wife did not enter into the marriage contract in good faith; and that she was "physically incapable of entering into the marriage state."

In *Baker* v. *Baker*, 13 Cal. 87, 103, it is said: "A woman, to be marriageable, must, at the time, be able to bear children to her husband, and a representation to this effect is implied in the very nature of the contract." (*Barnes* v. *Barnes*, 110 Cal. 418, 422 [42 Pac. 904].) In *Millar* v. *Millar*, 175 Cal. 797, 802, 803 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394], it is said: "In consenting to a marriage . . . each of the parties impliedly promises the other that he or she will perform the duties and obligations of the relation. . . . One who so promises and represents, thus obtaining the consent of the other, with the secret determination not to fulfill the promise, must be held to have obtained such consent of the other party by fraud."

■ In the section of the code above noted fraud is made a ground for annulment unless the other party, with full knowledge of the facts, has freely cohabited as husband or wife. Here the defendant testified that he had knowledge of the facts constituting the "fraud" on the night of the marriage and that he had no relations with his wife at any time. The record on this appeal does not purport to con-

tain all the evidence given at the trial of the annulment suit. It includes the testimony of the defendant charged to be false only. Thus we have no way of knowing what showing was made on the issue of false representations, but it is self-evident that the testimony showing that the parties had never cohabited as husband and wife was the character of testimony which "tends substantially to prove the issues, or to *influence* the tribunal before whom the proceeding was had." (20 Cal. Jur., p. 1013; *People* v. *Patterson,* 64 Cal. App. 223, 229 [221 Pac. 394].) This testimony alone was, therefore, of sufficient materiality as the basis of a charge of perjury, and, the state having in the criminal proceeding proved it to have been false and to have been given under all the legal restrictions defining the crime of perjury, the verdict of conviction is amply supported in the evidence.

■ Criticism is made of the action of the trial court in permitting the state to put in evidence the judgment-roll in the annulment proceeding and to tender the testimony of the deputy county clerk and the official court reporter covering the pendency of the proceedings in that court. The judgment-roll was properly admitted to show the pendency of the proceeding, the jurisdiction of the court, the giving of the testimony, and its materiality. (*People* v. *Bradbury,* 155 Cal. 808, 815 [103 Pac. 215].) ■ The testimony of the deputy county clerk was admissible for the purpose of showing the regularity of the proceedings and the particular court in which the hearing was held. ■ The testimony of the court reporter was admissible for the purpose of showing that the witness had been regularly sworn and testified in open court upon that trial and also to show the particular testimony given by him on that occasion.

■ Criticism is also made that the admissions of testimony of other witnesses tending to show that the answer and waiver of notice of trial reported to have been signed by the wife were in fact not signed by her and that all the papers included in the judgment-roll had been altered by placing at the top thereof the words "City and County of San Francisco" fixing the venue of that proceeding. This testimony was offered for the purpose of showing that the plaintiff in the annulment proceeding, a resident of the county of Los Angeles, after having exhibited some of these

papers to his wife's attorney, had arranged to have them altered so that the proceeding could be brought in the city and county of San Francisco and that court could be led to believe the wife consented to the proceeding and waived notice of time and place of trial. The purpose of the testimony was to show the criminal intent of the appellant in the giving of the testimony in the annulment proceeding which was alleged to have been false; the fact that it also tended to show that the appellant was guilty of a distinct crime—forgery—cannot affect the admissibility of the testimony in this proceeding.

■ Criticism is also made of the admission of the testimony of the physician to the effect that she had made a physical examination of the wife of the appellant and found that she had not undergone an operation such as the appellant had testified to in the annulment proceeding. This evidence, though weak, was admissible because it tended to show the falsity of appellant's testimony. ■ The same may be said as to the testimony of those witnesses to the effect that the appellant and his wife lived together for some months after their marriage as this was in direct contradiction of the testimony of the appellant given in the annulment proceeding. ■ Criticism is also made of the admission of the testimony of the witness Pendell, in rebuttal, covering the conversations which he had with appellant relating to the exhibition of the papers in the annulment proceeding to his wife and her attorney prior to the filing of the complaint in San Francisco. The appellant on his direct examination testified that he had shown all these papers to his wife in the office of her attorney and that she had signed all those to which her signature was attached in her attorney's presence. This was specifically denied by the attorney who was called as a witness in the perjury trial and the testimony objected to merely covered admissions on the part of appellant showing that his testimony on direct examination was untrue.

■ The appellant urges numerous specifications of misconduct on the part of the trial judge which he insists were improper comments upon the facts of the case. These comments were made by the trial judge while ruling upon objections to the admission of testimony in attempting to point out to appellant's counsel from the facts already in

evidence why certain proposed testimony to which he objected was material or proper cross-examination. The trial judge did not in any instance intimate to the jury his own view as to the truth of the evidence referred to and instructed the jury that they should disregard all statements made by him or by counsel and to make their own determination as to the truth of the evidence before them.

■ The appellant complains of the opening statement made by the assistant district attorney—that it was too long and covered an offer to prove facts which he was not able to make good. As said in *People* v. *Gleason*, 127 Cal. 323, 325 [59 Pac. 592], "An over-statement by the district attorney of what he hopes to prove is usually prejudicial to him." There was nothing prejudicial to the appellant in the statement made by the assistant district attorney. ■ The action of the assistant district attorney in calling the former wife as a witness and in later referring to his inability to use her because of appellant's objection is assigned as error. The state, of course, was entitled to call the former wife as a witness, and her testimony could have been received if the appellant had not entered his objection. There was therefore no error in calling this witness to the stand. The assistant district attorney referred to his inability to use the wife as a witness while he was arguing to the trial judge the necessity of giving him a wider latitude in the cross-examination of another witness. The appellant assigned this as misconduct but did not request an admonition to the jury. Later in the course of the trial the assistant district attorney asked appellant's consent to put the former wife upon the stand to testify as to whether certain writing was hers. The consent was not given and the remark of the assistant district attorney was assigned as misconduct. Although no admonition to the jury was requested, the court on that occasion did expressly warn the jury to disregard the remarks of counsel.

■ During the course of the oral argument in this court the appellant complained of instruction No. 19 given to the jury wherein the trial judge stated what portion of the testimony given by the appellant in the annulment proceeding was material, and that if they found that when such material testimony was given by the appellant he was under lawful oath and stated such matter to be true when

he knew it to be false, they should bring in a verdict of guilty. The objection is that included in the testimony given in the annulment proceeding which the court held to be material was the statement of the witness that ''she (Mrs. Reitz) was a school-teacher and she wanted to quit teaching school and thought it made no difference to me,'' that the jury therefore might have found that it was untrue that the wife had been a school-teacher and wanted to quit teaching school and could have convicted the appellant upon that statement· alone. The argument is overtechnical because there was no evidence of any character tending to prove that any part of this statement was untrue, and we cannot presume merely on argument of counsel, that the jury would have disregarded all the evidence in the case which unmistakably showed the falsity of other material statements and would have convicted the appellant upon their belief that the statement that his wife was a school-teacher and wanted to quit was false. In appellant's proposed instruction No. 47 he asked the court to instruct the jury that this portion of the testimony relating to the conversation between the appellant and his wife covering her desire to quit her position as a school-teacher was immaterial and had not been corroborated as required by law. The court refused to give the instruction, but in view of what we have just said we are satisfied that no prejudice occurred.

We have read the record with care and are satisfied that the appellant was given a fair and impartial trial and that the cause went to the jury upon instructions which fully and fairly covered all the material issues.

Judgment and order affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 7, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.