558 P.2d 69

**Aguindaldo DE LA O, Plaintiff-Appellee,**

v.

**BIMBO'S RESTAURANT, INC., Defendant-Appellant.**

**No. 2585.**

Court of Appeals of New Mexico.
Nov. 23, 1976.
Certiorari Denied Dec. 22, 1976.

William K. Stratvert, Keleher & McLeod, Albuquerque, for defendant-appellant.

N. Tito Quintana, Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff was injured in a fracas in a bar. He sued on the theory that defendant was negligent in failing to protect plaintiff from injury inflicted by other persons. *Coca v. Arceo,* 71 N.M. 186, 376 P.2d 970 (1962); *Baca v. Baca,* 81 N.M. 734, 472 P.2d 997 (Ct.App.1970). The jury verdict was for plaintiff; defendant appeals. We discuss two issues. The first, involving excluded evidence, is concerned with (a) Evidence Rule 608, (b) Evidence Rule 406, and (c) damages. The second, involving jury instructions, is concerned with (a) U. J.I. Civil 15.5, (b) U.J.I. Civil 12.3, and (c) theory of the case instruction. We refer to the fracas as the 1972 incident.

### Excluded Evidence

Defendant desired to call various witnesses to testify as to: (1) their "opinion of or the reputation of the plaintiff . . . as to character and for truthfulness or untruthfulness"; (2) specific incidents of drunken or abusive conduct by plaintiff subsequent to the 1972 incident; and (3) plaintiff's damages. In addition, defendant desired to cross-examine plaintiff as to each of these items. The trial

court excluded the proposed evidence. Defendant claims the exclusion was erroneous on three grounds. We discuss each ground.

(a) Evidence Rule 608

There was a conflict in the evidence concerning the 1972 incident. Plaintiff's version was that the attack on him was unprovoked. Defendant's version was that it was a provoked fight. Defendant does not claim on appeal that the excluded evidence was admissible as a general attack on plaintiff's character. The claim is that the excluded evidence was admissible to attack plaintiff's credibility for truthfulness.

Evidence Rule 608 states (we quote the amended rule, the amendment not affecting the issue):

"(a) *Opinion and Reputation Evidence of Character.* The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

"(b) *Specific Instances of Conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

"The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility."

Opinion or reputation evidence of untruthfulness is admissible under Evidence Rule 608(a). However, exclusion of the opinion or reputation evidence was not error in this case. For exclusion of evidence to be error, the substance of the evidence must be made known to the trial court or must be apparent from the context in which questions were asked. Evidence Rule 103(a)(2). No questions were asked and the substance of the evidence was not made known to the court. All that defendant did was inform the court that it desired to present this type of evidence. The tender was insufficient.

The specific incidents of subsequent conduct were not admissible to attack plaintiff's truthfulness. Evidence Rule 608(b) provides that specific instances of conduct, directed toward credibility, may not be proved by extrinsic evidence.

Plaintiff could be cross-examined as to specific instances of conduct "if probative of truthfulness or untruthfulness". Evidence Rule 608(b). The specific instances tendered in this case involve drunken and abusive conduct, resisting arrest, a municipal court battery conviction, and an instance where plaintiff shot a third person with a pistol. These instances were not probative of truthfulness or untruthfulness. *United States v. Alberti,* 470 F.2d 878 (2nd Cir. 1972); 3 Weinstein's Evidence, ¶ 608[05] (1975).

The trial court did not err in excluding the evidence on the question of plaintiff's truthfulness or untruthfulness.

(b) Evidence Rule 406

The evidence conflicted as to whether plaintiff was drunk at the time of the 1972 incident and also conflicted as to whether plaintiff was the aggressor in the incident. Defendant asserts exclusion of the specific instances of subsequent conduct was error

because they "would have tended to establish plaintiff's habit for aggressive acts and drunken behavior."

Evidence Rule 406 states:

"(a) *Admissibility.* Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

"(b) *Method of Proof.* Habit or routine practice may be proved by testimony in the form of an opinion or by specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine."

Habit "describes one's regular response to a repeated specific situation. * * * A habit * * * is the person's regular practice of meeting a particular kind of situation with a specific type of conduct * * *." Advisory Committee Notes to Proposed Rules of Evidence for United States Courts.

■ The 1972 incident does not show a habit of engaging in that kind of conduct in 1972. *State v. Ross,* 88 N.M. 1, 536 P. 2d 265 (Ct.App.1975). The specific instances of conduct which defendant desired to utilize occurred in 1975. For these instances to be utilized to show a habit, the conduct must have involved a particular kind of situation. The trial court ruled there was no showing of similar acts. We agree. Compare, *State ex rel. State Highway Commission v. Bassett,* 81 N.M. 345, 467 P.2d 11 (1970). The tender refers to a drunken and abusive state leading to charges of driving while under the influence of liquor, an abusive state involving disorderly conduct, the battery conviction, and the shooting which occurred "at the Club Amor". The record does not show the five subsequent incidents were of the particular kind of situation involved in the 1972 incident; the tender was insufficient

under Evidence Rule 103(a)(2). Compare, Annot., 66 A.L.R.2d 806, 809.

Even if the evidence should be sufficient to show a habit in 1975, how does a 1975 habit tend to establish that plaintiff acted in conformity with the habit in 1972—three years earlier? Our question is directed to the distinction between a preexisting or contemporaneous habit and a subsequently acquired one. Our question involves the relevancy of the habit in this case. Absent evidence tending to show that the habit existed in 1972, we hold the 1975 habit would not be relevant to the 1972 incident. *Pederson v. County of Ormsby,* 86 Nev. 895, 478 P.2d 152 (1970).

The trial court did not err in excluding the evidence on the question of whether plaintiff acted in conformity with a habit.

(c) Damages

■ Defendant claims the excluded evidence was admissible on the question of plaintiff's damages. Defendant's general claim of "evidence relating to the probable life expectancy of the Plaintiff" was an insufficient tender under Evidence Rule 103(a)(2). The issue is whether the specific instances of conduct in 1975 were admissible on the question of damages.

■ Plaintiff asserts the 1975 incidents were inadmissible because of the time when they occurred. Compare, *United States v. Lewis,* 157 U.S.App.D.C. 43, 482 F.2d 632 (1973). We disagree. Plaintiff's damage claims included a claim for permanent injuries and a claim for pain and suffering reasonably certain to be experienced in the future. Both claims involve the length of plaintiff's life. The jury was instructed on plaintiff's life expectancy as of the time of the 1972 incident. The instruction stated that plaintiff's life expectancy could be considered by the jury "in connection with other evidence relating to the probably [sic] life expectancy of Plaintiff, including evidence of his occupation, health, habits and other activities, bearing in mind that some persons live longer and some live shorter than the average."

Plaintiff's "activities" in 1975 of drinking, abusive conduct, resisting arrest, battery, and shooting a person in a bar were relevant to plaintiff's life expectancy and the number of years for which damages for permanent injury and pain and suffering should be assessed. *Dollarhide v. Gunstream,* 55 N.M. 353, 233 P.2d 1042 (1951); *Century "21" Shows v. Owens,* 400 F.2d 603 (8th Cir. 1968); *Rawlings v. Andersen,* 195 Neb. 686, 240 N.W.2d 568 (1976); *Hansen v. Warco Steel Corporation,* 237 C.A.2d 870, 47 Cal.Rptr. 428 (1965); see *St. Clair v. Eastern Air Lines, Inc.,* 279 F.2d 119 (2nd Cir. 1960).

The trial court erred in excluding the evidence of specific instances of conduct which went to the question of damages.

*Jury Instructions*

There are three contentions involving instructions. We discuss each contention.

(a) U.J.I. Civil 15.5—Corporate Party—Same as Individual

■ The complaint alleged, and the answer admitted, that defendant was a corporation. Defendant requested that U.J.I. Civil 15.5 be given. The trial court refused the request under the assumption that the instruction was to be given only when a corporation and an individual were involved on the same side of the case. The assumption is incorrect. The Directions for Use state that the instruction should be given "where both corporate and individual parties are involved". That is the situation here. Plaintiff was an individual; defendant was a corporation.

■ The trial court also refused the instruction because U.J.I. Civil 4.11 was to be given. That instruction states that a corporation acts through its officers and employees. This instruction did not obviate the giving of U.J.I. Civil 15.5; although defendant's corporate status was established by the pleadings, the jury was never informed of that fact.

■ Although a failure to give U.J.I. Civil 15.5 was error, we must determine whether the error amounted to reversible error. "In determining whether it is reversible error, we will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice." *Jewell v. Seidenberg,* 82 N.M. 120, 477 P.2d 296, 49 A.L.R.3d 121 (1970). See also, *Clinard v. Southern Pacific Company,* 82 N.M. 55, 475 P.2d 321 (1970); *Anderson v. Welsh,* 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974); *Tobeck v. United Nuclear-Homestake Partners,* 85 N.M. 431, 512 P.2d 1267 (Ct.App.1973).

■ Plaintiff introduced evidence at trial that an individual was the owner. The jury was never informed that defendant was a corporation unless it inferred corporate status from U.J.I. Civil 4.11. Whether the jury drew such an inference is speculative. Resolving doubts in favor of defendant, the evidence was sufficient to meet the test of reversible error stated in *Jewell v. Seidenberg,* supra.

(b) U.J.I. Civil 12.3—Duty of Plaintiff to Use Ordinary Care

■ The instructions defined negligence (U.J.I. Civil 12.1), contributory negligence (U.J.I. Civil 13.1), ordinary care (U.J.I. Civil 12.2) and defendant's duty to use ordinary care (U.J.I. Civil 12.4). The trial court refused to give U.J.I. Civil 12.3 —the duty of plaintiff to use ordinary care. The refusal was on the basis that it "is covered by virtue of 12.2 which is the definition of ordinary care and 13.1 which is the definition of contributory negligence."

The Committee Comments to U.J.I. Civil 12.3 and 12.4 are to the effect that these two instructions are to be used in conjunction with U.J.I. Civil 12.2—the definition of ordinary care. The comment is to the effect that U.J.I. 12.2 does not alone "cover" ordinary care; it does not because U.J.I. Civil 12.2 is a definition. Application of the definition to a party occurs through the use of U.J.I. Civil 12.3 or 12.4, as may be appropriate.

The instruction defining contributory negligence, read with defendant's theories

of contributory negligence, also did not "cover" U.J.I. Civil 12.3. The contributory negligence instructions informed the jury that plaintiff might be contributorially negligent, but these instructions did not inform the jury that plaintiff had a duty to use ordinary care for his own safety—U.J.I. Civil 12.3.

The trial court erred in refusing to give U.J.I. Civil 12.3. The error amounted to reversible error under *Jewell v. Seidenberg,* supra. The jury was informed of defendant's duty but was not informed of plaintiff's duty. That is slight evidence of prejudice.

(c) Theory of the Case Instruction

Defendant's requested instruction stated two theories of contributory negligence on the part of plaintiff. See U.J.I. Civil 3.1. This requested instruction was given. Defendant's complaint is that the trial court refused defendant's oral request to add a third theory of contributory negligence.

The oral request was "[t]hat he would be in an intoxicated condition which contributed to the incident". As we understand this request, it was defendant's theory that it is contributorially negligent to be drunk. No one claims this is an incorrect statement of the law; accordingly, we do not consider whether this was a correct legal theory.

 The trial court properly refused the oral request for two reasons. The first reason is that instructions tendered by the parties are to be in writing. Rules of Civil Procedure 51(1)(f). The second reason is that the oral request was confusing. The oral request included a reference to proximate cause; the requested written instruction on contributory negligence did not. Defendant's written requests dealt with proximate cause separately from contributory negligence. We cannot tell from the oral request how defendant would have fitted its oral request with its written requests.

Oral argument is unnecessary. The judgment is reversed because of the exclusion of evidence going to damages and the refusal to give U.J.I. Civil 15.5 and 12.3. The cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.