573 P.2d 236

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kevin GARDNER, Defendant-Appellant.**

No. 3083.

Court of Appeals of New Mexico.

Nov. 15, 1977.

Rehearing Denied Nov. 29, 1977.

Writ of Certiorari Denied Dec. 30, 1977.

Jan A. Hartke, Chief Public Defender, Santa Fe, Joseph N. Riggs, III, Asst. Public Defender, Mark Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The indictment charged defendant with nine criminal offenses. One count was dismissed prior to trial. Trial was on four counts of fraud, see § 40A–16–6, N.M.S.A. 1953 (2d Repl. Vol. 6); two counts of worthless checks, see § 40–49–4, N.M.S.A. 1953 (2d Repl. Vol. 6); one count of falsely obtaining services or accommodations, see § 40A–16–16, N.M.S.A. 1953 (2d Repl. Vol. 6); and one count of contributing to the delinquency of a minor, see § 40A–6–3, N.M.S.A. 1953 (2d Repl. Vol. 6). At the close of the State's case-in-chief, the trial court directed a verdict in favor of defendant on the four fraud counts because the

prosecution had been brought under the wrong statute. The jury convicted defendant of the other four counts; defendant appeals. We discuss: (1) preliminary matters; (2) evidence of bad acts; and (3) evidence of habit.

There is evidence to the effect that defendant's female companion, a minor, issued a series of checks when she knew she had insufficient funds with the bank for payment of the checks. There is evidence that these worthless checks were issued with defendant's knowledge and approval, and that in some instances defendant participated in persuading the merchant to accept the check involved. There is evidence that defendant falsely obtained food and accommodations from an Albuquerque hotel. There is evidence that defendant contributed to the delinquency of the minor female in various ways.

*Preliminary Matters*

■ (a) N.M.Crim.App. 205 requires the docketing statement to list the issues presented by the appeal, and a list of authorities believed to support the appellate contentions. The docketing statement listed issues (a) through (h). Only two of those issues are argued in the briefs. As to authority for the issue involving "bad acts", the statement is that no New Mexico cases were found. No authority of any kind is listed in support of this issue. The "bad acts" issue involves Evidence Rule 404(b) and there are several New Mexico cases applying this rule. We remind counsel responsible for filing the docketing statement that in doing so they are subject to the Code of Professional Responsibility. The docketing statement raises questions under Rule 7–102(A)(2), Rule 7–106(B)(1) and Rule 7–106(C)(1). We caution trial counsel that violation of the Code in filing the docketing statement may be treated as contempt of this Court.

■ (b) The two issues briefed (the other issues are deemed abandoned, *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct. App.1976)), are evidentiary matters. Even if defendant's position as to these evidentia-

ry matters had been correct, any error would have been harmless in connection with the contributing conviction. It is undisputed that defendant used false identification to get the minor female admitted to establishments selling alcoholic beverages. Inasmuch as the sentence for contributing is the longest sentence imposed and all sentences are to be served concurrently, a fair question is whether this appeal is no more than an academic exercise at public expense.

## Evidence of Bad Acts

■ At the time of defendant's affair with the minor female, he was absent without leave from the Marine Corps. Over defendant's objection, the trial court admitted this evidence under Evidence Rule 404(b). Under this rule, evidence of a wrong or act is admissible "as proof of motive". The trial court correctly admitted the evidence as tending to prove defendant's motive.

"Motive has been defined as 'supply[ing] the reason that nudges the will and prods the mind to indulge the criminal intent.'" 2 Weinstein's Evidence, ¶ 404[09] (1976). There is evidence that the minor female wrote some of the worthless checks to obtain various items of clothing for the defendant. There is also evidence that at times defendant misrepresented his identity. Defendant's absence from the Marine Corps, without leave, is a motive for these items. *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977); *State v. McCallum*, 87 N.M. 459, 535 P.2d 1085 (Ct.App. 1975).

## Evidence of Habit

The minor female testified that defendant would beat her and that she wrote the worthless checks out of fear of another beating. Defendant denied that he had beaten the minor female. He also denied beating a former girl friend and a former wife. The prosecutor, in rebuttal, called a former girl friend and a former wife. They testified that defendant did in fact beat them. Defendant contends this rebuttal testimony was improperly admitted under several of the Evidence Rules. We need not consider these contentions because the trial court properly admitted the rebuttal testimony under the "habit" rule.

Evidence Rule 406(a) provides that "[e]vidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit . . ."

Evidence Rule 406(b) states that habit may be proved "by specific instances of conduct sufficient in number to warrant a finding that the habit existed. . . ."

The proof in this case was by specific instances of beatings administered by defendant to female companions. The former wife married defendant in May, 1975 and lived with him for one month. During this period he beat his wife three or four times. The former girl friend "knew" defendant for two years and dated him until December, 1976. This time period overlaps the time defendant was living with the minor female in this case. The former girl friend testified that defendant beat her "[a] number of times when I was living down at his mom's." This testimony is of a sufficient number of instances, and these instances occurred either before or during the time defendant lived with the minor female in this case. See *De La O v. Bimbo's Restaurant*, 89 N.M. 800, 558 P.2d 69 (Ct.App. 1976).

Defendant contends the beating testimony was insufficient to show it was a "habit". That word "describes one's regular response to a repeated specific situation." McCormick on Evidence, 2nd Ed., Ch. 17, § 195 (1972). Defendant asserts the proof is deficient as to what the "specific situation" was and as to how regular the beatings were in these undisclosed situations. The minor female testified that defendant beat her when defendant was upset about various things, when things did not go as he wished. There was no such testimony from the former girl friend or from the former wife. In this case, it was not necessary.

The "habit" in this case is not that defendant regularly beat up females to get them to commit crimes. The specific situation in this case is defendant's relationship with his female companions. A response of defendant to that relationship was to beat the females. The evidence is that beatings were a regular part of that relationship. The "habit" was that defendant regularly beat his female companions. How was this habit relevant in this case? The minor female testified she wrote the worthless checks out of fear of being beaten. Defendant controverted this explanation when he denied he beat the minor female. With this denial, the fact that he beat other female companions was relevant regardless of the reason for the beatings. This habit of beating female companions tended to show he acted the same way with the minor female in this case, and supported the explanation of why the worthless checks were written.

■ Judges Hendley and Hernandez do not agree with my treatment of the "habit" issue, but agree that this issue does not affect the validity of the contributing conviction. The majority view, as to the disposition of this appeal is:

(a) The contributing conviction is affirmed.

(b) The other three convictions are reversed. As to these three convictions, the cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ. (concurring in part and dissenting in part).

HENDLEY, Judge (concurring in part and dissenting in part).

We concur in Chief Judge Wood's opinion except for that section entitled "Evidence of Habit." We reverse the convictions of the two counts of worthless checks and the one count of falsely obtaining services or accommodations. In reversing these counts we also recognize that *no* actual benefit is received by the defendant since all the sentences are to run concurrently. The contributing conviction, which carries the long-er sentence, was not challenged and is accordingly affirmed.

■ Our difference with Chief Judge Wood is in his application of habit to the facts of this case. McCormick on Evidence, ch. 17, § 195 (2d Ed. 1972) states that habit ". . . is the person's regular practice of meeting a particular kind of situation with a specific kind of conduct. . . ." See Advisory Committee Notes to Rule 406 of Proposed Rules of Evidence for United States Courts and Magistrates. We fail to see that the evidence presented proved habit or a routine practice. Even assuming defendant did have the habit of beating his women, it was not established that he beat them so as to coerce them into performing illegal acts.

Neither do we see the relevancy or materiality of the evidence other than to show defendant as a "bad guy." *State v. Ross,* 88 N.M. 1, 536 P.2d 265 (Ct.App.1975). Thus, the error cannot be considered harmless.

■ Neither did the evidence establish defendant's character as being that of a violent person and thereby show his intent to coerce the victim to write the checks as the state asserts. The evidence went only to collateral issues. Compare *State v. Mordecai,* 83 N.M. 208, 490 P.2d 466 (Ct.App. 1971). Defendant was prejudiced by the evidence. The trial court abused its discretion in allowing the evidence to be introduced. See *De La O v. Bimbo's Restaurant,* 89 N.M. 800, 558 P.2d 69 (Ct.App.1976).

We reverse the convictions of the two counts of worthless checks and the one count of falsely obtaining services or accommodations.

HERNANDEZ, J., concurs.