607 P.2d 596

**Paul CASAUS, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 12751.**

Supreme Court of New Mexico.

Feb. 25, 1980.

Charles Driscoll, Albuquerque, for petitioner.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

FEDERICI, Justice.

Defendant was convicted of aggravated assault upon a police officer, aggravated assault, and unlawfully taking a vehicle. Defendant appealed the convictions to the Court of Appeals. The Court of Appeals affirmed the convictions, Judge Leila Andrews dissenting. We reverse.

On cross-examination of the defendant, the State was allowed to ask the defendant about a murder conviction which occurred in 1962. This was permitted for impeachment purposes on the basis of N.M.R.Evid. 609(a)(1), N.M.S.A.1978. The Court of Appeals conceded that the prior conviction was improperly admitted for the purpose stated. Nonetheless, the Court of Appeals permitted this evidence to stand on the ground of harmless error. N.M.R.Evid. 103(a), N.M.S.A.1978.

Additionally, at the time of defendant's arrest, about a month after the crimes were committed, a handgun was taken from him. The record indicates a probability that this

was not the same gun used by defendant in committing the alleged crimes. The gun was admitted in evidence over the objection of the defendant that the prejudicial impact of admitting the gun outweighed any probative value as evidence. N.M.R.Evid. 401, 402, 403, N.M.S.A.1978. The Court of Appeals assumed defendant's contention to be correct but permitted the introduction of the gun in evidence to stand on the ground of harmless error. N.M.R.Evid. 103(a), *supra*.

■ A majority of the Court of Appeals held that the above two evidentiary rulings, although conceded by them to be erroneous, were harmless error because no substantial right of the defendant was affected by the rulings. We disagree.

■ This Court, as well as the Court of Appeals, has held that in the absence of special circumstances, the erroneous admission of evidence of prior crimes of the accused is error. In *State v. Rowell*, 77 N.M. 124, 125, 419 P.2d 966, 967 (1966), this Court said:

> With certain qualifications, based upon reason and not here pertinent, it is generally held that proof of convictions of other and separate criminal offenses by the defendant is not admissible and that it is prejudicial error to admit such proof.

In *State v. Garcia*, 83 N.M. 51, 53, 487 P.2d 1356, 1358 (Ct.App.1971), the Court of Appeals held, inter alia, that:

> [T]he established New Mexico procedure, with certain exceptions not here applicable, is that proof of separate criminal offenses is not admissible and it is prejudicial error to admit such proof.

In *Albertson v. State*, 89 N.M. 499, 501, 554 P.2d 661, 663 (1976), this Court declared that:

> [W]here the very essence of defendant's defense hinges upon his credibility, . . . questioning the defendant about his prior convictions of possessions of marijuana, which easily conjures notions and prejudice in the mind of a juror, cannot be rectified by an admonition to disregard such testimony.

Authorities cited by the State which hold that proof of another crime is admissible if it tends to prove guilt of the person on trial, are not applicable. In this case, proof of the commission of another crime was permitted for purposes of impeachment, not to show guilt.

Further, the record supports the majority opinion of the Court of Appeals' concession that the prejudicial impact of the admitting of the gun outweighed its probative value as evidence. However, we disagree with the Court of Appeals' conclusion that the trial court's evidentiary rulings constituted harmless error.

The other points raised by defendant are without merit.

The convictions of the defendant for aggravated assault upon a police officer, aggravated assault and unlawful taking of a vehicle, are reversed, and a new trial is granted to defendant. This appeal and opinion do not involve the four other charges which ended in a mistrial.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and FELTER, JJ., concur.

PAYNE, J., not participating.