632 P.2d 1204
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ronald Lee BEACHUM,
Defendant-Appellant.**

**No. 5016.**

Court of Appeals of New Mexico.

Aug. 11, 1981.

Bruce M. Burwell, Roswell, John B. Bigelow, Chief Public Defender, Lynne Corr, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Ronald Lee Beachum appeals his conviction of criminal sexual contact of a minor in violation of § 30–9–13(A)(1), N.M.S.A. 1978, and aggravated burglary in violation of § 30–16–4(C), N.M.S.A. 1978. The dispositive issue in this case is whether the trial court abused its discretion when it admitted a seven-year-old confession by the defendant into evidence under N.M.R.Evid. 404(b), N.M.S.A. 1978. We hold that it did, and grant the defendant a new trial.

The following is a summary of events leading to the charges against the defendant. The twelve-year-old victim was sleeping on a couch in her darkened living room. She woke up during the night to find a man kissing her face; his hand was on her chest over her clothes. The girl told the man to leave. He got up, looked into the other rooms of the small house where the victim's parents and others were sleeping, and walked out through the kitchen.

The victim went out onto the front porch, where her brother was sleeping. She woke him up and told him someone had been in the house. About that time, a man walked around the side of the house. The brother asked the man if he had been in the house. The man said no, pulled out some money, and apparently tried to put a $100 bill into the victim's shirt. Then he walked away.

A few days later, the brother saw the defendant at a Taco Bell and thought it was the man he had seen outside the house. The police were summoned, and the defendant was arrested at the Taco Bell.

The defendant's defense was an alibi. The trial court admitted into evidence a seven-year-old statement signed by the defendant, in which he confessed to having committed three possible acts of rape. The statement was admitted under Rule 404(b), for the purposes of proving intent and identity. Our review is limited to a determination of whether the trial court abused its discretion by admitting the statement into evidence during the defendant's trial. *State v. Schifani*, 92 N.M. 127, 584 P.2d 174 (Ct.App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978).

■ Under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to show that the defendant had a propensity to commit those crimes. This evidence may be admissible for purposes other than propensity, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." In order to admit evidence under Rule 404(b), the court must find that the evidence is relevant to a disputed issue other than the defendant's character, and it must determine that the prejudicial effect of the

evidence does not outweigh its probative value, as set out by N.M.R.Evid. 403, N.M. S.A. 1978. *U. S. v. Figueroa*, 618 F.2d 934 (2d Cir. 1980).

INTENT

 The trial court found that the defendant's statement was admissible to prove intent, which is an element of both crimes with which the defendant was charged. However, the defendant did not put the element of intent in issue. The defense was that Beachum did not commit the acts at all, not that he committed them without the requisite state of mind. Some jurisdictions allow evidence under Rule 404(b) to prove intent whether or not it is in issue. 2 Weinstein's Evidence § 404[9] (1980). The rule in New Mexico and many other jurisdictions is that evidence is not admissible under Rule 404(b) to prove a material element of the crime charged unless that element is in issue. *State v. Allen*, 91 N.M. 759, 581 P.2d 22 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978), quoting from *State v. Mason*, 79 N.M. 663, 448 P.2d 175 (Ct.App.), *cert. denied*, 79 N.M. 688, 448 P.2d 489 (1968); *U. S. v. Figueroa; U. S. v. Powell*, 587 F.2d 443 (9th Cir. 1978); *U. S. v. Silva*, 580 F.2d 144 (5th Cir. 1978). Because intent was not controverted and is not a consequential issue in the case, evidence directed to that issue is irrelevant and inadmissible. 2 Weinstein's Evidence § 404[12] (1980).

IDENTITY

The trial court also admitted the statement for the purpose of proving identity. Identity was put into issue by means of the defendant's alibi claim. Assuming the evidence was relevant to prove identity, there must be a further determination that the probative value of the evidence outweighs its prejudicial effect. See Advisory Committee's Notes to Federal Rule 404(b). 2 Weinstein's Evidence § 404[18] (1980). There is no doubt that the admission of the statement was extremely prejudicial to the defendant. Its probative value must be evaluated "in view of the availability of

other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Advisory Committee's Notes to Federal Rule 404(b).

 In this case, the treatment of the evidence under the identity exception overlaps its possible use under the plan or design exception. *See* 2 Weinstein's Evidence §§ 404[15] and [16] (1980). In this area of overlap, the evidence of other acts is admitted to prove identity if the modus operandi of those acts is sufficiently similar to the charged acts to indicate they were likely done by the same person. In order for evidence to be admissible for this purpose, the similarity required must rise above the level of characteristics common to many incidents of the crime; it must demonstrate a unique or distinct pattern easily attributable to one person. *U. S. v. Powell*. No such characteristics present themselves in this case.

The state claims that the following similarities between the crimes discussed in the statement and the crimes charged bring the statement within the identity exception:

(1) All the incidents occurred inside homes;

(2) All the homes were entered by stealth rather than by force or invitation;

(3) All the incidents occurred late at night or during the early morning hours;

(4) All the victims were asleep;

(5) No attempt was made to obscure the view of the victims or mask the perpetrator;

(6) No weapons were used;

(7) Nothing was taken from the homes, only sexual offenses were committed;

(8) The perpetrator made a determination of whether there were other persons in the home; and

(9) All the incidents occurred within a short distance of the defendant's own home.

It is not clear how the state arrived at the last two "common" characteristics, because there is no evidence in at least one of the incidents that the defendant determined who else was in the house, and there is no

evidence that any of the earlier incidents occurred closer than a mile to the defendant's residence. This list of characteristics is not idiosyncratic or even unusual. *U. S. v. O'Connor*, 580 F.2d 38 (2d Cir. 1978); *Davis v. State*, 376 So.2d 1198 (Fla.App. 1979); *Smith v. State*, 56 Ala.App. 384, 321 So.2d 724 (1975); *People v. Alvarez*, 44 Cal. App.3d 375, 118 Cal.Rptr. 602 (1975). Compare *State v. Allen*, in which certain characteristics were held to be sufficiently individual so as to be admissible under Rule 404(b) to prove identity.

There were "other means of proof" available to prove identity in this case. Advisory Committee's Notes to Federal Rules 403 and 404(b). The state had both the identification by the victim and the identification by the victim's brother to establish identity. It was not necessary to the state's case on identity to bring in the defendant's statement. *State v. Martinez*, 94 N.M. 50, 607 P.2d 137 (Ct.App. 1980); *State v. Fuson*, 91 N.M. 366, 574 P.2d 290 (Ct.App. 1978); *see* also *Redd v. State*, 522 S.W.2d 890 (Tex.Cr. App. 1975).

Another factor which diminishes the probative value of the statement is its remoteness. The statement was made seven years before the trial. *U. S. v. Figueroa; U. S. v. Powell; U. S. v. Carter*, 516 F.2d 431 (5th Cir. 1975); *see U. S. v. Silva.*

 Assuming the statement may be relevant to prove identity probative value is questionable for the reasons discussed above. The prejudicial effect of the statement outweighs its probative value. The statement is inadmissible for the purpose of proving identity.

"A person, put on trial for an offense, is to be convicted, if at all, on evidence showing he is guilty of that offense. The defendant is not to be convicted because, generally, he is a bad man, or has committed other crimes. Evidence of other offenses tends to prejudice the jury against the accused and predispose the jury to a belief in defendant's guilt. * * * " *State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App. 1975), quoting from *State v. Garcia*, 83 N.M. 51, 53, 487 P.2d 1356, 1358 (Ct.App. 1971). The

undeniable effect of admission of the statement in this case was to show the jury that the defendant was bad, a sexual deviant who would have been acting in character by touching the victim and who, therefore, must be guilty. The statement was not admissible for this purpose, and it was not admissible for a different purpose under Rule 404(b). The admission of the statement was an abuse of discretion by the trial court.

The judgment of the trial court is reversed, and the defendant is granted a new trial.

IT IS SO ORDERED.

HERNANDEZ, C.J., concurs.

HENDLEY, J., concurring in result only.