705 P.2d 1133

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Gilbert SAAVEDRA,
Defendant-Appellant.**

No. 15063.

Supreme Court of New Mexico.

Aug. 27, 1985.

Rehearing Denied Sept. 19, 1985.

Paul Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Justice.

Defendant filed an appeal in July 1983 from conviction of felony murder and armed robbery. We dismissed the matter in February 1984 for defendant's untimeliness in filing his notice of appeal. Following a habeas corpus proceeding in federal court, the district judge entered an order directing reinstatement or allowance of a new filing of defendant's appeal or, alternatively, ordering petitioner's discharge from custody. The State thereupon moved for reinstatement of the appeal, which we granted.

Between May 17 and July 15, 1982, a series of nine armed robberies occurred in northeast Albuquerque. In each case the robberies were committed in the later afternoon or evening. Likewise, in every instance the victims were held at gunpoint by one of the robbers described as a black man, and they were made to give the robbers the money in their cash registers. Each time, the robbers used one .38 or .357 magnum handgun, wore masks, and

escaped in a large, older model car parked a block or so from the scene of the crime. In eight of the robberies, there were two robbers. In one incident, only one man committed the robbery, and the victim was killed.

Jesse Burdex was convicted of eight of the nine robberies. Defendant Gilbert Saavedra was convicted of the other and of the murder of the victim, Earl Scott. From those convictions, Saavedra appeals.

Saavedra bases his appeal on three alleged errors in the trial court's exclusion and admission of evidence.

### A. Exclusion of Evidence of Burdex's Crimes.

Defendant Saavedra pled innocent to the robbery charged. His defense theory was that Jesse Burdex, the man convicted of the eight similar robberies, committed this crime as well. Saavedra therefore sought at trial to introduce evidence regarding the other robberies, relying on NMSA 1978, Evid.R. 404(b) (Repl.Pamp. 1983), which provides that:

> Evidence of other crimes ... may be ... admissible for [purposes other than character], *such as* proof of motive, opportunity, intent, preparation, plan, knowledge, *identity* or absence of mistake or accident.

(Emphasis added). Although Rule 404(b) is most frequently used to admit evidence of other crimes by the defendant, the State agrees and we hold that the rule is "available to criminal defendants for the purpose of demonstrating mistaken identity through evidence of contemporaneous crimes of the same pattern by some other person." (State's brief.)

The standard in New Mexico for "other crimes" evidence, to qualify under Rule 404(b) to prove identity, was set forth in *State v. Beachum*, 96 N.M. 566, 632 P.2d 1204 (Ct.App.1981). There the Court of Appeals held such evidence admissible on the issue of identity when the similarity of the other crimes to the crime charged "demonstrate[s] a unique or distinct pat-

tern easily attributable to one person." *Id.* at 568, 632 P.2d at 1206. In this appeal the prosecution, focusing on the dissimilarities in the robberies, argues that the evidence failed to meet the *Beachum* standard. Our review, however, must be of the similarities because relevancy depends upon similarity. *State v. Allen,* 91 N.M. 759, 581 P.2d 22 (Ct.App.), *cert. denied,* 91 N.M. 751, 580 P.2d 972 (1978). Here, the area where the robberies were committed, the time of day, the kind of weapon used, the escape pattern and method, and the disguises used, all fall within the *Beachum* standard.

█ The State contends, however, that evidence of Burdex's crimes also was properly excluded because reception of that evidence would prejudice and confuse the jury. We recognize that admission of evidence under Rule 404(b) is within the sound discretion of the trial court, and that court's determination will not be disturbed on appeal in the absence of an abuse of discretion. *Allen; State v. Schifani,* 92 N.M. 127, 584 P.2d 174 (Ct.App.), *cert. denied,* 92 N.M. 180, 585 P.2d 324 (1978). But in determining whether to admit evidence under Rule 404(b), the court is required to weigh the probative value of the evidence against its prejudicial effect. NMSA 1978, Evid.R. 403 (Repl.Pamp.1983); *Beachum; State v. Ross,* 88 N.M. 1, 536 P.2d 265 (Ct.App.1975). Because *no* prejudice would have attached to defendant in this case by the admission of the excluded evidence, but would, on the other hand, have been highly probative of his identity defense, we hold that it was an abuse of discretion to deny admission of evidence crucial to his principal theory of defense.

**B. Presentation ˎof Defendant's Felony Conviction.**

█ During the State's case in chief, the prosecutor elicited the following testimony from Nick Ellison, the State's key witness:

Q. How is it that you know the defendant?

A. Well, we hung around together in the street some.

Q. Prior to May 17, 1982, how long had you known the defendant up to that point?

A. Since he got out of the penitentiary. Throughout the trial the court had directed the parties to make certain that no mention was made of anyone's prior record; both parties had agreed to instruct their witnesses that no references were to be made to any prior convictions of witnesses or the defendant.

The prosecutor claimed, when defendant moved for a mistrial, that he had no idea that his question regarding Ellison's acquaintance with the defendant would elicit any reference to defendant's prior conviction. The State now contends that the court's admonition to the jury to disregard the answer cured any error. At the grand jury hearing, however, when the prosecutor asked the identical question, Ellison responded with an almost identical answer. Defendant argues that for the prosecution to ask the same question at trial, without preliminarily cautioning the witness about his earlier response, constituted prosecutorial misconduct. Under the circumstances of this case, we agree.

On hearing Mr. Ellison's testimony, the defense moved for a mistrial, which the trial court denied. Defense counsel then requested that no admonition be given as it would only emphasize Ellison's comment. Nevertheless, the prosecutor urged the court to give an admonition, and the court directed the jury members to strike the last answer from any consideration in their deliberations. Defendant contends that the error was not cured by the admonition and that the trial court abused its discretion in denying his mistrial motion.

█ A motion for a mistrial is addressed to the sound discretion of the trial court and is only reviewable for an abuse of discretion. *State v. King,* 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977). The case law in New Mexico is clear and consistent in holding that erroneous admission of evidence of prior crimes of the accused is error, absent special circumstances. *Casaus v. State,* 94 N.M. 58, 607 P.2d 596 (1980); *State v.*

*Martinez*, 94 N.M. 50, 607 P.2d 137 (Ct. App.1980). In *State v. Simonson*, 100 N.M. 297, 669 P.2d 1092 (1983), however, where a State witness offered testimony not previously disclosed to the defense, we restated the *general* rule to be that "the prompt sustaining of the objection and an admonition to disregard the answer cures any prejudicial effect of inadmissible testimony." *Id.* at 301, 669 P.2d at 1096. The court's admonition in *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977), was held to cure the error because the only objection was that the testimony was hearsay. Clearly, the prejudicial effect of those errors was not so great as that resulting from a mention of the accused's prior record.

An error similar to the one raised in this case occurred in *State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.), *cert. denied*, 93 N.M. 172, 598 P.2d 215 (1979). There, a witness testified that he had first met the defendant in the state penitentiary. Defense counsel objected and moved for a mistrial. The trial court's denial of that motion was upheld on appeal because the admonition to the jury was held to cure the error in view of the fact that there was such other overwhelming evidence of defendant's guilt that "under no reasonable probability could the improper evidence have induced the jury's verdict." *Id.* 93 N.M. at 297, 599 P.2d at 1094. Moreover, in holding the error cured or harmless in *Vialpando*, the court was "especially mindful of the lack of any improper motive preceding the witness's umprompted utterance." *Id.* at 297, 599 P.2d at 1094. In light of the answers given by Ellison before the grand jury, however, and the prosecutor's agreement to instruct his witnesses to avoid any references or allusion to defendant's prior conviction, a similar lack of improper motive cannot be presumed in the instant case.

■ Whether error can be cured by admonition is a question that must be decided according to the particular facts of each case. *Simonson; Vialpando.* To determine that reference to the defendant's

prior criminal record can be cured by mere admonition, the "evidence of defendant's guilt must be so overwhelmingly persuasive that under no reasonable probability could the [inadmissible evidence] have induced the jury's finding of guilt." *State v. Gutierrez*, 93 N.M. 232, 235, 599 P.2d 385, 388 (Ct.App.1979).

■ Standing alone against other overpowering evidence of guilt, the court's admonition here might have been sufficient. But as our discussion in Part A above points out, it cannot be said that Ellison's reference to Saavedra's prior conviction, when considered in conjunction with the denial of Saavedra's identity evidence, had no influence on the jury's verdict. We reverse the trial court's ruling on this issue.

## C. State's Failure to Request Immunity.

■ Defendant's third claim of error concerns the trial court's refusal to compel the state to grant use immunity to defendant's witness, Ida Martinez. Defendant claims that Martinez would have testified that at the time of the crime she and the two State witnesses, who testified that they saw defendant at the scene of the robbery, were actually across town committing a separate crime. As her companions were the only witnesses to place defendant at the scene of the crime charged in this case, attempted impeachment of their testimony by Martinez would have been highly relevant indeed.

At the time of Saavedra's trial, Martinez was awaiting trial for those separate but contemporaneous crimes in which she and the other two witnesses were involved. The State refused to grant use immunity because of its intention to proceed against Martinez on the charges against her.

In *State v. Sanchez*, 98 N.M. 428, 649 P.2d 496 (Ct.App.1982), the court expressly rejected the claim that the State may be required to grant use immunity to a defense witness where prosecutorial misconduct is not involved. No allegation of that

kind of misconduct has been made in this case.

When faced with a similar situation—a request for immunity for an alibi witness—the Supreme Court in *State v. Cheadle*, 101 N.M. 282, 287, 681 P.2d 708, 713 (1983), clearly held that "in New Mexico there is no authority to demand immunity for a witness by the defense." Thus the ruling of the trial judge, although harmful to defendant's case, was not erroneous. We would note, however, that since the time of Saavedra's trial, court records disclose that Martinez entered into a plea agreement and has been convicted. Consequently, on remand, Martinez's claim to Fifth Amendment privileges will no longer be valid; it will not be necessary to seek compulsion of her testimony by grant of use immunity.

This point is therefore moot insofar as a new trial is concerned.

Because of the trial court's error in refusing to admit evidence of Jesse Burdex's crimes and the prejudicial testimony regarding defendant's prior criminal record, we reverse and remand for a new trial.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.