1998-NMCA-164

968 P.2d 789

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Christopher PACHECO, Defendant–Appellee.**

**No. 18613.**

Court of Appeals of New Mexico.

Sept. 22, 1998.

Certiorari Denied, No. 25,412, Nov. 6, 1998.

Tom Udall, Attorney General, M. Victoria Wilson, Ass't Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Will O'Connell, Ass't Appellate Defender, Santa Fe, for Appellee.

## OPINION

DONNELLY, J.

{1} The State appeals from an order granting a mistrial and dismissing charges against Defendant for aggravated DWI, driving with a suspended or revoked license, reckless driving, and operating an uninsured motor vehicle upon a public highway. The single issue presented on appeal is whether the trial court erred in ruling that retrial would violate the Double Jeopardy Clause of the New Mexico Constitution, Article II, Section 15. For the reasons discussed herein, we reverse.

## FACTS

{2} Defendant was charged by a grand jury indictment of four offenses growing out of his alleged operation of a motor vehicle while intoxicated. He entered a plea of not guilty to each of the charges. A jury was impaneled to hear the case against Defendant on May 1, 1997. During the State's opening statement, the prosecutor told the jury that Defendant had been involved in a motor vehicle accident which occurred at approximately 3:00 a.m. on August 11, 1995. The prosecutor stated that Thomas Runyon, who lived on Farney Street in Las Cruces, New Mexico, heard a loud crash. He went outside and saw that his truck, which had been parked on the street, had been struck by a pickup truck. Runyon saw someone running away from the scene. Runyon and a neighbor followed the fleeing individual to a cotton field and the police were called.

{3} The prosecutor stated that three officers arrived at the scene and found Defendant hiding in the field. The prosecutor said, "they [the police] had tried to ask him questions about what had happened. He was very uncooperative and he refused to speak." The prosecutor next told the jury that Officer Tim McCarson attempted to do field sobriety tests on Defendant and explained to

him how the tests were done and that "he was basically stonewalled every inch of the way. The Defendant refused to take any tests. He refused to give any information. He refused to say who he was. He refused to say who was driving. Just refused to cooperate." Officer McCarson then went over to Defendant's pickup and found identification cards that contained Defendant's name and showed them to Defendant. The prosecutor said that Defendant "admitted, Yeah, that's me, but refused to answer any questions."

{4} At that point, defense counsel objected and moved for a mistrial on the basis that the State had improperly commented on Defendant's post-arrest right to remain silent. The prosecutor responded, saying that

[a]t this point the State will concede, Your Honor, that a mistrial should be granted for the State's commenting on the Defendant's right to remain silent. I would ask that there be a finding of manifest necessity to declare a mistrial. And we would ask that the matter be reset at a later date.

{5} The trial court granted a mistrial and subsequently dismissed the charges against Defendant. In announcing its ruling, the trial court stated:

I read these cases [*State v. Breit*, 1996–NMSC–67, 122 N.M. 655, 930 P.2d 792; *State v. Day*, 94 N.M. 753, 617 P.2d 142 (1980); and *State v. Hennessy*, 114 N.M. 283, 837 P.2d 1366 (Ct.App.1992), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993)] to basically indicate that in situations where there is prosecutorial misconduct of this nature, where the prosecutor is actually aware, or is presumed to be aware of the consequences of his actions, that the double jeopardy clause of the New Mexico Constitution bars retrial, and I will so order in this case.

{6} The trial court, in implementing its oral decision granting a mistrial and barring reprosecution, entered a written order finding that "the prosecutor's remarks amounted to willful disregard as defined in *State v. Breit*." The order declaring a mistrial also contained the following conclusions of law:

1. Prosecutorial comment in trial on a defendant's silence is improper and constitutes reversible error. No curative instruction or other alternative would have remedied the prejudice cause[d] by [the] State's conduct. *State v. Hennessy*, [114 N.M. 283, 837 P.2d 1366 (Ct.App.1992), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993)].

2. Pursuant to *Breit*, the prosecutor is conclusively presumed to know what is proper prosecutorial conduct.

3. Given the long-standing New Mexico case law and a prosecutor's presumption of knowledge of proper conduct, the Prosecutor's misconduct (impermissible and repeated comments on Defendant's silence during opening statement) was a willful disregard which resulted [in a] mistrial, pursuant to *Breit*.

4. The prosecutor's statements created a manifest necessity for a mistrial.

5. The Double Jeopardy [C]lause of Article II, § 15 of the New Mexico Constitution bars retrial of the Defendant.

## ANALYSIS

{7} The State argues that retrial of Defendant on each of the charges set forth in the grand jury indictment is not barred by double jeopardy under the New Mexico Constitution. In response to this argument, Defendant asserts that, although as pointed out by our Supreme Court in *Breit*, "[t]he general rule is that when a defendant, on his or her own motion, obtains a mistrial, reprosecution is permitted. However, when a defendant's mistrial motion or request for reversal on appeal is necessitated by prosecutorial misconduct, reprosecution may be barred." 1996–NMSC–67, ¶ 14, 122 N.M. 655, 930 P.2d 792 (citation omitted).

{8} On appeal, we review a ruling of a trial court granting a mistrial for abuse of discretion. *See State v. Saavedra*, 103 N.M. 282, 284, 705 P.2d 1133, 1135 (1985); *State v. Gardner*, 103 N.M. 320, 323, 706 P.2d 862, 865 (Ct.App.1985). In determining the pro-

priety of the trial court's ruling that the State is barred on double jeopardy grounds from reprosecuting Defendant, we apply the three-part test articulated by our Supreme Court in *Breit*:

We ... adopt the following test (implicit in [*State v. Day*, 94 N.M. 753, 617 P.2d 142 (1980)]) when a defendant moves for a mistrial, retrial, or reversal because of prosecutorial misconduct: Retrial is barred under Article II, Section 15, of the New Mexico Constitution, [1] when improper official conduct is so unfairly prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial, and [2] if the official knows that the conduct is improper and prejudicial, and [3] if the official either intends to provoke a mistrial or acts in *willful disregard* of the resulting mistrial, retrial, or reversal.

*Breit*, 1996–NMSC–67, ¶ 32, 122 N.M. 655, 930 P.2d 792 (emphasis added).

{9} In explaining this test, our Supreme Court further noted that the term "willful disregard" means "*a conscious and purposeful decision by the prosecutor to dismiss any concern that his or her conduct may lead to a mistrial or reversal.*" *Id.* ¶ 34 (emphasis added).

{10} Applying the test set forth in *Breit* to the case before us, we conclude that the trial court properly granted a mistrial in this cause, but erred in dismissing the cause with prejudice and barring reprosecution. As stated by Justice Franchini, speaking for the Court in *Breit*, "Raising the bar of double jeopardy should be an exceedingly uncommon remedy. It will remain uncommon under the narrow standard we adopt today." *Id.* ¶ 35 (citation omitted). *Cf. Mathis v. State*, 112 N.M. 744, 747, 819 P.2d 1302, 1305 (1991) (dismissal is an extreme sanction to be applied only in exceptional cases); *State v. Bartlett*, 109 N.M. 679, 680, 789 P.2d 627, 628 (Ct.App.1990) (same); *see also Day*, 94 N.M. at 757, 617 P.2d at 146 (while conduct of prosecutor cannot be condoned, it should not ordinarily bar retrial of charges against defendant).

{11} The trial court's conclusion of law determining that the prosecutor's remarks made during opening statement relating to Defendant's silence, we think, construes the three-part test in *Breit* too broadly so as to conclusively presume the prosecutor's remarks constituted a "willful disregard" of the possibility of a mistrial. Here, the remarks relating to Defendant's silence do not explicitly indicate at what point Defendant was placed under arrest or whether he had been advised of his *Miranda* rights. The State appears to concede that the remarks made by the prosecutor related to Defendant's post-arrest silence as distinguished from any pre-arrest, noncustodial questioning, as discussed in *State v. Swise*, 100 N.M. 256, 257–58, 669 P.2d 732, 733–34 (1983). *See also Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (use of defendant's post-*Miranda* silence to impeach explanation subsequently offered at trial held violation of due process.) Nevertheless, the prosecutor's statements, while found by the trial court to be improper and to warrant the declaration of a mistrial, did not satisfy the test set forth in *Breit* so as to implicate Defendant's double jeopardy rights under Article II, Section 15 of the New Mexico Constitution.

{12} Specifically, Defendant failed to affirmatively establish the third prong of the test in *Breit*, i.e., demonstrating that the prosecutor (a) intended to provoke a mistrial, or (b) acted in willful disregard of emanating a mistrial. When the trial court granted Defendant's motion for a mistrial, the prosecutor inquired of the court, "For the record, have you made a finding that I intentionally sought a mistrial in this matter?" The trial judge responded:

I did not make a finding that you intentionally sought a mistrial. I don't think I can state that; however, ... as I [read] Breit, it seems to indicate to me that when you are aware of your role as a prosecutor and what you can say and what you can't say, to go ahead and say it even when there is a presumption that you should know that comments as to the defendant's silence are impermissible, that that rises to the level of willful misconduct.

282

{13} Defendant does not argue that the prosecutor's comments were "intended to provoke a mistrial," but Defendant asserts that the impropriety of such remarks are so firmly condemned by existing New Mexico precedent that the prosecutor should be presumed to have willfully intended to provoke a mistrial. Defendant is correct that numerous decisions of both our Supreme Court and this Court have repeatedly condemned prosecutorial comments upon an accused's post-arrest or post-*Miranda* silence. *See State v. Gonzales,* 113 N.M. 221, 229, 824 P.2d 1023, 1031 (1992); *State v. Martin,* 101 N.M. 595, 599–600, 686 P.2d 937, 941–42 (1984); *State v. Ramirez,* 98 N.M. 268, 269, 648 P.2d 307, 308 (1982); *State v. Carrasco,* 1996–NMCA–114, ¶¶ 32–41, 122 N.M. 554, 928 P.2d 939, *aff'd in part, rev'd in part,* 1997–NMSC–047, 124 N.M. 64, 946 P.2d 1075; *State v. Garcia,* 118 N.M. 773, 776–77, 887 P.2d 767, 770–71 (Ct.App.1994); *Hennessy,* 114 N.M. at 288–89, 837 P.2d at 1371–72. *But see State v. Foster,* 1998–NMCA–163, ¶ 21, 126 N.M. 217, 967 P.2d 852 (absent evidence that prosecutor intended to provoke a mistrial, the conduct necessary to preclude retrial of defendant must be extraordinary).

{14} The comments in question here occurred at the very outset of the trial. The prosecutor promptly acknowledged his error. Nothing discloses that the prosecution would benefit from further delay of the trial in this case. In *Breit* our Supreme Court stated that in determining whether the prosecutor's conduct amounts to "willful disregard" of a resulting mistrial, retrial, or reversal, the appellate court "will carefully examine the prosecutor's conduct in light of the totality of the circumstances of the trial." 1996–NMSC–67, ¶ 40, 122 N.M. 655, 930 P.2d 792.

{15} We agree that a prosecutor's comments on a defendant's post-arrest or pretrial silence can be improper and may result in a mistrial or reversal, even if not objected to. *See Garcia,* 118 N.M. at 777, 887 P.2d at 771; *Hennessy,* 114 N.M. at 286–87, 837 P.2d at 1369–70. However, not every improper comment touching on an accused's post-arrest silence will bar reprosecution. *See Carrasco,* 1996–NMCA–114, ¶¶ 41, 43, 122 N.M. 554, 928 P.2d 939 (improper com-

ments by prosecutor on defendant's post-arrest silence required reversal for new trial; however, retrial not barred).

{16} We conclude that the trial court erred in dismissing the case against Defendant with prejudice. Nothing in our decision, however, precludes the trial court on remand, if warranted, from imposing appropriate sanctions against the prosecutor for conduct requiring the declaration of a mistrial. *See Day,* 94 N.M. at 757, 617 P.2d at 146 (if comments of prosecutor result in mistrial, but do not appear to be the result of a plan or scheme to cause mistrial, such conduct "may be punished ... by enforcing strict attorney discipline in court").

*CONCLUSION*

{17} That portion of the trial court's order barring reprosecution of Defendant is reversed and the cause is remanded for further proceedings consistent herewith.

{18} IT IS SO ORDERED.

ALARID and WECHSLER, JJ., concur.