This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 34,463**

**VINCENT VACCA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven H. Johnston, Assistant Attorney General
Albuquerque, NM

for Appellee

McGarry Law Office
Kathleen McGarry
Glorieta, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Defendant Vincent Vacca was charged and convicted of trafficking (by possession with intent to distribute), pursuant to NMSA 1978, Section 30-31-20 (A)(3) (2006). This case comes before us on the question of whether the State's failure to disclose evidence of Defendant's prior felony conviction for trafficking and subsequent cross-examination of Defendant with that same undisclosed prior felony conviction constitutes reversible error. We hold that the district court abused its discretion in failing to grant Defendant's motion for a new trial on the grounds that Defendant was severely prejudiced by the State's failure to disclose the prior felony conviction and its subsequent use at trial. We reverse and remand Defendant's conviction for a new trial.

**BACKGROUND**

**{2}** On August 26, 2013, the State charged Defendant with one count of trafficking a controlled substance by possession with intent to distribute. The charge stemmed from a search warrant executed on Defendant's residence on July 25, 2013. During execution of the search warrant, Officer Kenneth Roberts of the Roswell Police Department patted Defendant down and found a small bag of what he believed to be methamphetamine in Defendant's sock. Officer Roberts then separated Defendant from the other individuals on the scene, advised him of his constitutional rights, and Defendant agreed to answer questions. Defendant admitted that the substance in his

sock was "methamphetamine [and] he sold to three or four people." Officer Roberts turned off his belt recorder to ask Defendant if he wanted to work as a confidential informant, but Defendant was unwilling to provide the name of the person from whom he bought. During the search of the property, officers found a cell phone, toothpicks, baggies, a digital scale, and several meth pipes. The substance recovered from Defendant was confirmed to be 1.65 grams of methamphetamine by the New Mexico Department of Public Safety Laboratory.

{3}    At trial, Defendant took the stand in his own defense. Defendant admitted to possessing methamphetamine but denied selling methamphetamine to anyone. He claimed that his previous admission to Officer Roberts was the result of coercion. On direct examination, Defendant admitted that he had previously been convicted of one felony. On cross-examination, the following exchanged occurred:

Q:    2005 you lived in Roswell?

A:    Yes, sir.

Q:    And that's when you were convicted of receiving stolen property?

A:    Yes, sir. That's my one felony that I have, yes, sir.

Q:    So you only have one felony?

A:    I have one felony receiving and disposing of stolen property, yes, sir.

3

Q: [Have y]ou ever lived in Massachusetts?

A: Yes, I [did].

Q: Did you ever live in Lowell?

A: Yes, I did.

Q: Isn't it true you have another felony out of Lowell?

A: No, sir. You're wrong about that. I've already been found not guilty of that. They tried pulling that back in [2006] and I've already been found that there was no charge for a felony there and that was back in the first felony. They tried giving me that felony again and there was no charge for that, no, sir.

Q: So you're telling us under oath that you don't have a conviction or trafficking out of Massachusetts?

A: As far as I know, no, sir.

{4} The State then asked to approach the bench where the State claimed that Defendant had perjured himself because the State had a certified copy of the conviction that it could not use because it was too old. The jury was sent out. Defense counsel argued to the district court that he only had disclosure from the State for one felony, which Defendant admitted to on the stand. The State claimed that it did not know of the second felony conviction for trafficking in Massachusetts until that day, during lunch, while doing research on another issue. The State further claimed the felony would not have been usable or relevant if Defendant had not perjured himself. The district court concluded that it would allow the State to ask Defendant if he had

4

been convicted on the date of the trafficking felony, but because the nature of the charge was unnecessary for impeachment purposes, it would not allow the State to repeat what the other prior conviction (trafficking) was for again.

{5}     Defense counsel requested a curative instruction "to disregard the prior question about a trafficking conviction." The district court responded that it was up to defense counsel to decide whether he wanted an instruction or if he thought, as "a matter of strategy," it would be better not to go into the issue anymore. Defense counsel requested that the instruction be to "just . . . disregard the last question[.]" The district court instructed the jury "to disregard the last question that was asked by the prosecutor[,] and I'm going to ask him to restate a different question." Defendant then testified on cross-examination that his mind had been refreshed and he did have a conviction from Massachusetts for which he was put on probation for two-and-one-half years. Evidence of the conviction was never entered. In closing, the State briefly referenced that Defendant initially stated he had one prior felony in 2005 but was "not accurate" because he did have another prior conviction.

{6}     The jury convicted Defendant of one count of trafficking. Defendant filed a motion for a new trial. Defendant argued in his motion and at a subsequent hearing that the State had only disclosed one prior felony and had defense counsel known of the second felony conviction for trafficking, his trial strategy would have been

5

different. With the knowledge of the second felony, he would have advised his client differently regarding testifying and would have moved the district court, prior to trial, to allow only evidence that it was a felony conviction and to exclude that the conviction was for trafficking. Defendant asked the district court to consider, in the interest of justice, the impact of the prosecutor's question on the jury and reiterated that defense counsel would have pursued a different "approach" to the trial with knowledge of Defendant's prior conviction. The district court denied Defendant's motion for a new trial. This appeal followed.

**DISCUSSION**

{7}     Defendant makes two arguments on appeal: (1) the district court erred in denying Defendant's motion for a new trial based upon the State's failure to notify Defendant of his prior trafficking felony and its disclosure during trial; and (2) the district court erred in failing to grant a continuance when informed by defense counsel that he was not prepared for trial and when Defendant requested a new attorney. We agree that the district court abused its discretion in failing to grant Defendant's motion for a new trial. As such, we need not reach Defendant's other argument.

{8}     "When the defendant has been found guilty, the court on motion of the defendant, or on its own motion, may grant a new trial if required in the interest of justice." Rule 5-614(A) NMRA. "The [district] court has broad discretion in granting

6

or denying a motion for new trial[.]" *State v. Guerra*, 2012-NMSC-027, ¶ 18, 284 P.3d 1076 (internal quotation marks and citation omitted). We will not reverse such an order absent a clear and manifest abuse of discretion. *Id.* An abuse of discretion occurs when "the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted).

**{9}** This Court considers the following factors when evidence is disclosed for the first time during trial to determine whether the error is reversible: "(1) whether the [s]tate breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the [district] court cured the failure to timely disclose the evidence." *State v. Mora*, 1997-NMSC-060, ¶ 43, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

**1.      The State Breached its Duty to Disclose Defendant's Prior Felony**

**{10}** The first question is whether the State "breached [a] duty or intentionally deprived [D]efendant of evidence." *Id.* Defendant argues that the State had a duty to disclose Defendant's felony conviction for trafficking (the 1989 felony conviction) under Rule 5-501(A)(2) NMRA. Rule 5-501(A)(2) states that "[u]nless a shorter period of time is ordered by the court, within ten . . . days after arraignment or the date

of filing of a waiver of arraignment . . . the state shall disclose or make available to the defendant . . . the defendant's prior criminal record, if any, as is then available to the state[.]" The State's duty to disclose is a continuing duty. *See* Rule 5-505(A) NMRA. If during trial, a party discovers "additional material or witnesses which he would have been under a duty to produce or disclose[,] he shall promptly give written notice to the other party or the party's attorney of the existence of the additional material or witnesses." *Id.*

{11}     Pursuant to Rules 5-501 and -505, the State had a continuing duty to disclose the 1989 felony conviction to Defendant. Despite the State's assertion of its late discovery of Defendant's second felony conviction, the State still had ample opportunity to disclose this critical evidence before surprising Defendant and the district court by using the undisclosed conviction on cross-examination. The State had numerous opportunities to disclose the 1989 felony conviction in the following ways: (1) alerting defense counsel during the lunch break once the undisclosed felony conviction was discovered or once the State returned to the court after the lunch break, but before the trial reconvened; (2) before or after the testimony of Agent John Clay, the first witness to testify after the lunch break; (3) before or after the testimony of Sergeant Filomeno Gonzales, the State's final witness to testify after the lunch break; (4) during motions and arguments held after the State rested its case in chief; (5)

during the nine-minute break after the State rested its case and prior to Defendant's case; (6) during the district court's advisement to Defendant regarding the implications of testifying and prior to Defendant beginning to testify on his own behalf; (7) by requesting a side-bar conference once Defendant testified on direct examination about his one prior felony conviction but did not testify about the undisclosed 1989 felony conviction; (8) by requesting a side-bar conference upon the completion of the direct examination of Defendant by defense counsel and prior to the start of cross-examination; and (9) by requesting a side-bar conference after cross-examination began and the prosecutor made the decision to question Defendant about the 1989 felony conviction but before actually asking Defendant any questions about the undisclosed 1989 felony conviction. There is nothing in the record to indicate why the State did not take affirmative action to disclose this 1989 felony conviction. The State fails to address why the time period between its late discovery of the 1989 felony conviction during the lunch break and its eventual use on cross-examination should not be recognized as an intentional failure to disclose this critical and severely prejudicial evidence. *See State v. Clark*, 1986-NMCA-095, ¶¶ 34-41, 105 N.M. 10, 727 P.2d 949 (rejecting the state's argument that it did not disclose the defendant's prior forgery arrest because it intended to use it only for impeachment).

{12}     The State argues that its use of Defendant's 1989 felony conviction for

9

trafficking was not legal error as it was admitted as impeachment of Defendant's testimony that he had only one prior felony under Rule 11-609 NMRA, impeachment of a witness by criminal conviction. Rule 11-609(B) states that a conviction ten years or older is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[;] and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." The State argues that under Rule 11-609(B)(1), the 1989 felony conviction was probative of the truthfulness of Defendant's statement and outweighed any potential prejudice. However, even if we were to accept this more narrowly crafted argument as true, the State's argument fails to reasonably address the notice requirement of Rule 11-609(B)(2) or the implications of Rule 11-404(B)(1) NMRA (excluding evidence of a defendant's prior crimes "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). The State merely contends that it did not comply with the reasonable notice requirement because it believed the 1989 felony conviction would be inadmissible.

{13}     The State also argues that because it did not intentionally conceal the 1989 felony conviction from Defendant, this case is distinguishable from *State v. Allison*, 2000-NMSC-027, ¶ 11, 129 N.M. 566, 11 P.3d 141. In *Allison*, the prosecutor

10

intentionally did not disclose to the defendant his arrest report, which included an arrest for using a false name. *Id.* On appeal, our Supreme Court applied the factors from *Mora* and, after concluding that all four were in the defendant's favor, held that reversal was required. *Allison*, 2000-NMSC-027, ¶¶ 1, 6. In consideration of the first factor, our Supreme Court rejected the state's argument that in the context of Rule 5-501(A), it was under no duty to report the arrest. *Allison*, 2000-NMSC-027, ¶ 8. Our Supreme Court reasoned that the purpose of discovery in a criminal case is "to ascertain the truth," and the "articles regulating discovery are intended to eliminate unwarranted prejudice which could arise from surprise testimony [and] enable the defendant to properly assess the strength of the state's case against him . . . in order to prepare his . . . defense." *Id.* ¶ 9 (internal quotation marks and citation omitted). In *Allison*, our Supreme Court also rejected the state's argument that because the defendant was aware of his arrest himself, this awareness relieved it of a discovery violation. *See id.* ¶ 13. Instead, "[t]he actions of the prosecutor . . . are at issue, not whether [the d]efendant knew or should have known of his own arrest." *Id.* ¶ 14.

{14}    We, therefore, find the State's similar arguments in this case unpersuasive. It would be nonsensical to allow the State to bypass the notice requirement of Rule 11-609(B)(2) because of claims that it did not intend to use the conviction but did so as a result of Defendant's statements at trial. The State could have provided notice to

Defendant and defense counsel as late as a side-bar conference during Defendant's testimony if it truly believed such an impeachment was necessary and supported by our rules. Furthermore, it is clear from the State's cross-examination of Defendant that it intended to use the conviction to impeach Defendant on the 1989 felony conviction if Defendant did not readily admit to it on direct examination, and our Supreme Court has clearly rejected the use of such "surprise testimony." *Allison*, 2000-NMSC-027, ¶ 9 (internal quotation marks and citation omitted).

{15} The State breached its duty to disclose the 1989 felony conviction under Rules 5-501(A) and 5-505(A). *See Allison*, 2000-NMSC-027, ¶ 15 ("It is not the primary duty of the district attorney to convict a defendant. It is his or her primary duty to see that the defendant has a fair trial, that justice is done." (alteration, internal quotation marks, and citation omitted)). Furthermore, although the evidence may have been admissible pursuant to Rule 11-609(B), this did not override the notice requirement of Rule 11-609(B)(2), the Rule 11-404(B) implications, the State's subsequent duty to disclose under our discovery rules, or its intentional failures pursuant to the facts in this case.

**2. The Improperly Disclosed Evidence Admitted at Trial Was Material**

{16} The second question is "whether the improperly non-disclosed evidence was material[.]" *Mora*, 1997-NMSC-060, ¶ 43. "Whether evidence is material depends on

12

if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Allison*, 2000-NMSC-027, ¶ 17. (internal quotation marks and citation omitted).

{17}    If Defendant's 1989 felony conviction had been disclosed there is a reasonable probability that the result of the proceeding would have been different. The 1989 felony conviction was directly at odds with Defendant's contention that he was merely in possession of methamphetamine and was not selling it. Furthermore, defense counsel argues, both in his brief in chief and in his motion for a new trial, that he would have advised his client differently regarding testifying had he been aware of the conviction. Defendant also argues that the information that Defendant had a prior conviction for trafficking went to the very heart of the case. We conclude the evidence was material.

**3.      The Improperly Disclosed Evidence Was Prejudicial to Defendant**

{18}    The third question is "whether the non-disclosure of the evidence prejudiced [D]efendant[.]" *Mora*, 1997-NMSC-060, ¶ 43. On review, a defendant bears the burden of proving he was prejudiced by non-disclosure of evidence. *See State v. Hernandez*, 1993-NMSC-007, ¶ 63, 115 N.M. 6, 846 P.2d 312. Whether Defendant was prejudiced by the disclosed evidence is critical to the question of whether the

error requires reversal. The appellate courts have upheld convictions, even while acknowledging evidentiary violations, if no prejudice was found. *See Clark*, 1986-NMCA-095, ¶¶ 40-41 (concluding that the defendant did not show prejudice and thus affirming the district court's denial of a mistrial).

{19}     In *Allison*, the defendant was charged with numerous crimes including "willful and deliberate first degree murder, aggravated battery, aggravated assault, conspiracy, and tampering with evidence." 2000-NMSC-027, ¶ 1. The prosecutor failed to disclose "an [unrelated] arrest report . . . for using a false name during in a traffic stop." *Id.* ¶ 6. In its analysis of whether the non-disclosure was prejudicial to the defendant, our Supreme Court agreed with the defendant's argument because "defense counsel was attempting to portray [the d]efendant as an individual without any criminal record, and had counsel been aware of [the d]efendant's arrest, he may have altered his strategy." *Id.* ¶ 18. Our Supreme Court concluded that the failure to disclose the arrest was prejudicial and reasoned that "the prosecutor was using the undisclosed evidence not merely to counter [the d]efendant's testimony regarding other arrests, but instead as a specific instance of conduct to demonstrate untruthfulness[.]" *Id.* ¶ 19.

{20}     The State, in this case, has readily admitted that its intent in raising Defendant's prior conviction on cross-examination was to demonstrate the untruthfulness of his

14

answer. The State's comments in closing were also to that point, "[L]et's look at his credibility. First he admitted that he had been convicted of a felony in 2005[.] Then he tells us, well that's the only conviction I've ever had, and we soon find out that's not accurate." If our Supreme Court found prejudice to the defendant in *Allison* upon the revelation of an unrelated arrest, it is evident that Defendant was prejudiced in this case, where the prior undisclosed conviction was revealed to be for the same offense for which Defendant was charged—trafficking. Additionally, by identifying the specific crime of "trafficking," it appears that the prosecutor was not merely using the nature of the 1989 felony conviction to prove the untruthfulness of Defendant's statement, but also to show propensity. *See State v. Rowell*, 1966-NMSC-231, ¶¶ 1, 5, 13, 77 N.M. 124, 419 P.2d 966 (reversing the defendant's conviction for forgery on the grounds that the prosecutor intentionally asked the witness about the defendant's prior conviction for forgery as a means "to prejudice the minds of the triers [of fact] against the [defendant] and to predispose them to a belief in his guilt" (internal quotation marks and citation omitted)).

**{21}** Furthermore, Defendant argues that had the 1989 felony conviction been properly disclosed, defense counsel would have altered his trial strategy or had an opportunity to advise his client differently regarding Defendant's decision to testify on his own behalf. The State counters that Defendant would have been compelled to

15

testify whether the 1989 felony conviction was disclosed or not, because of the statement he made to Officer Roberts admitting that he sold methamphetamine. However, it is merely speculation to try and determine what would have been defense counsel's trial strategy at this juncture. We can only hold that it was in the interest of justice that Defendant have a complete picture of the State's case in order to adequately prepare for trial, and that the State's failure to disclose the evidence prior to raising it on cross-examination prejudiced Defendant. *See Allison*, 2000-NMSC-027, ¶ 18 ("[T]he discovery rules were designed to prevent-surprise and deception [and] seek to foster informed pleas, expedited trials, a minimum of surprise, and the opportunity for effective cross-examination." (internal quotation marks and citation omitted)).

**4.    The District Court's Instruction to Disregard Was Insufficient to Cure the Prejudice to Defendant**

{22}    The final question is "whether the [district] court cured the failure to timely disclose the evidence." *Mora*, 1997-NMSC-060, ¶ 43. "In determining prejudice to a defendant where the state initially deprives [the] defendant of the evidence but later produces the evidence, the reviewing court should consider whether the failure to timely disclose the evidence was cured by the [district] court." *Allison*, 2000-NMSC-027, ¶ 20 (internal quotation marks and citation omitted).

{23}    This Court has addressed similar cases where the defendant's prior criminal

16

record was introduced improperly through witness testimony. To determine whether the error was cured by the district court's admonition, our Supreme Court instructs that it "is a question that must be decided according to the particular facts of each case." *State v. Saavedra*, 1985-NMSC-077, ¶ 13, 103 N.M. 282, 705 P.2d 1133, *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783. An admonition will be deemed sufficient to cure if "evidence of [the] defendant's guilt [is] so overwhelmingly persuasive that under no reasonable probability could the inadmissible evidence have induced the jury's finding of guilt." *Id.* (alteration, internal quotation marks, and citation omitted). We note that the curative instruction given in this case was requested by Defendant, but we understand Defendant's argument to be that regardless of form, any instruction would have been insufficient to cure.

**{24}** We agree. The district court's instruction to the jury was insufficient to cure. We are not persuaded that evidence of Defendant's guilt was so overwhelmingly persuasive that the admittance of Defendant's 1989 felony conviction for trafficking, the same type of crime for which he was on trial, would not have induced the jury's verdict. Furthermore, the State's reference to Defendant's 1989 felony conviction in closing further weighed into the jury's consideration of Defendant's credibility as a witness, undermining Defendant's trial testimony that he was merely in possession of

17

methamphetamine and not trafficking. Under such highly prejudicial circumstances, we agree with Defendant that it was not possible to "un-ring [the] bell." Once the jury was told that Defendant had a prior conviction for trafficking, any instruction to disregard was realistically ineffective. *See Saavedra*, 1985-NMSC-077, ¶¶ 8, 14 (concluding that the district court abused its discretion in denying the defendant's motion for a mistrial on the admission of evidence of the defendant's prior incarceration through a witness).

{25}     Furthermore, we note that, unlike similar cases where a defendant's prior crimes were improperly admitted at trial through the *inadvertent* testimony of a witness, the State's intentions with regard to using the 1989 felony conviction were not accidental in this case. Therefore, this case is more aligned with others involving an intentional solicitation of improper evidence, a circumstance that this Court has viewed with strong disfavor. *See State v. Simonson*, 1983-NMSC-075, ¶¶ 19-20, 100 N.M. 297, 669 P.2d 1092 (distinguishing cases where the appellate courts reversed the defendant's convictions in which a prosecutor deliberately asks a question in order to elicit improper evidence).

{26}     Defendant has satisfied all four of the *Mora* factors for determining whether the State's late disclosure of the 1989 felony conviction was reversible error. We have also determined that such failure was not accidental and the district court's instruction

18

to the jury was insufficient to cure in this case when balanced against the severe prejudice to Defendant's case. *See Allison,* 2000-NMSC-027, ¶ 23. As a result, we hold that the district court's denial of Defendant's motion for a new trial was against the logic and effect of the facts and circumstances in the case and, therefore, an abuse of discretion. *See Guerra*, 2012-NMSC-027, ¶ 18 ("We cannot say the [the district] court abused its discretion by its ruling unless we can characterize the ruling as clearly untenable or not justified by reason." (alteration, internal quotation marks, and citation omitted)).

**CONCLUSION**

{27}     For the foregoing reasons, Defendant's conviction is reversed and remanded to the district court for a new trial.

{28}     **IT IS SO ORDERED.**

_____
                                        **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**